# Exhibit "A"

## ASSET PURCHASE AGREEMENT

This **ASSET PURCHASE AGREEMENT** (the "Agreement") is made as of October 4, 2021 by and between David J. Doyaga, Sr., solely in his capacity as the Chapter 7 Trustee of the bankruptcy estate of Thema T. Norton (the "Seller" or the "Trustee") and Partnership Liquidity Investors V, LLC (the "Buyer").

**WHEREAS**, on May 2, 2017 (the "Petition Date"), Thema T. Norton (the "Debtor") commenced a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of New York (Brooklyn Division) (the "Bankruptcy Court") bearing Case Number 17-42199-ess; and

**WHEREAS**, David J. Doyaga, Sr. was appointed interim Chapter 7 Trustee of Debtor's estate and, by operation of law, became the permanent Chapter 7 Trustee of the Debtor's estate; and

**WHEREAS**, the Debtor failed to disclose her 10 percent (10%) interest in the entity known as Saratoga Livonia, LLC (the "Asset") on her bankruptcy petition and schedules; and

**WHEREAS**, on December 4, 2017, the Bankruptcy Court entered an order granting the Debtor a no-asset discharge under section 727 of the Bankruptcy Code and, on December 4, 2020, the Debtor's case closed; and

**WHERAS**, on or about October 15, 2020, the Debtor moved to reopen her Chapter 7 case; and

**WHEREAS**, on December 14, 2020, the Bankruptcy Court entered an order reopening the Debtor's Chapter 7 case; and

**WHEREAS**, on December 15, 2020, the United States Trustee (the "UST") filed a Notice of Appointment of Trustee appointing David J. Doyaga, Sr. as the Chapter 7 trustee of the Debtor's estate; and

**WHEREAS**, on January 21, 2021, the Bankruptcy Court entered an amended order reopening the Debtor's bankruptcy case and directing the UST to appoint a Chapter 7 trustee, effective as of December 14, 2020; and

**WHEREAS**, through discovery, the Trustee obtained a copy of Saratoga Livonia LLC's ("Saratoga") operating agreement, which indicates that prior to the Petition Date, the Debtor had a ten percent (10%) interest in Saratoga; and

**WHEREAS**, the Seller desires to sell, assign, and convey to the Buyer and the Buyer desires to purchase and accept the Asset; and

**NOW, THEREFORE**, for valuable consideration and the mutual covenants and agreements herein contained, the Seller and the Buyer agree as follows:

1

1. **TRANSFER AND ACQUISITION OF ASSET: CLOSING.**

    1.1 <u>Transfer of Asset.</u> At the Closing (defined below), and subject to the terms and conditions of this Agreement and for the consideration set forth herein, the Seller shall sell, convey, assign, transfer and deliver to the Buyer, and the Buyer shall acquire from the Seller his right, title and interest in the Asset, wherever located, free and clear of all liens, claims, and encumbrances pursuant to section 363(b) and (f) of the Bankruptcy Code. For the sake of clarity, and out of an abundance of caution, the Asset means all of the Seller's right, title, and interest, whatever that right, title and interest may be, in and to the following:

    (a) The Debtor's ten percent (10%) interest in Saratoga Livonia, LLC.

    1.2 <u>Retained Assets.</u> The Seller shall retain ownership of all of the Debtor's interest in any other assets, claims and causes of action that may exist as of the Petition Date, including all avoidance actions.

    1.3 <u>No Assumption of Liabilities.</u> Unless otherwise provided herein, neither the Trustee nor the Debtor's estate will assume, pay, or discharge any liabilities or obligations of the Buyer and the Buyer will not assume, pay or discharge any liabilities or obligations of the Trustee or the Debtor's estate. Notwithstanding the foregoing, the Buyer shall indemnify and hold harmless the Trustee and the estate of the Debtor of any and all claims relating to matters arising after the Closing in regard to the Asset.

    1.4 <u>Consideration.</u> In consideration for the purchase of the Asset and in full payment therefor, the Buyer shall pay or cause to be paid to the Seller an amount equal to (i) FIFTY THOUSAND 00/100 Dollars ($50,000.00) (the "<u>Purchase Price</u>"). The Purchase Price shall be payable as follows:

    (a) Upon execution of this Agreement, the Buyer shall remit the amount of FIFTEEN THOUSAND 00/100 Dollars ($15,000.00) (the "<u>Deposit</u>"), by bank check or certified check payable to *David J. Doyaga, Sr., as Trustee,* to be held by the Trustee in a segregated estate account, pending the Closing.

    (b) Upon Closing: (i) the Buyer shall remit the balance of the Purchase Price in the amount of THIRTY-FIFTY THOUSAND AND 00/100 Dollars ($35,000.00), payable to *David J. Doyaga, Sr., as Trustee* by bank check or certified check; (ii) the Deposit shall be credited towards the Purchase Price. At Closing all funds paid on account of this Agreement shall constitute estate funds.

    1.5 <u>Higher and Better Offers.</u> This Agreement including the Purchase Price, is subject to higher and better offers that are received by the Seller pursuant to the Sale Procedures Order (defined below) to be entered by the Bankruptcy Court pursuant to Section 4.1(a). The Sale Procedure Order Motion (defined below) shall be submitted to the Bankruptcy Court within seven (7) business days of the execution of this Agreement.

    1.6 <u>Return of Deposit.</u> The Deposit shall be fully refunded to the Buyer without interest in the event of a termination of this Agreement by the Buyer pursuant to Section 6.1(b) or 6.1(c),

in the event of termination of this Agreement pursuant to Section 6.1(a). If this Agreement is terminated for any other reason, the Deposit shall be delivered to the Seller and constitute property of the estate.

1.7     Sales Tax. The Buyer shall be responsible for, and pay when due, any sales taxes due and payable by reason of the transfer of the Asset and shall indemnify and hold the Seller harmless in connection therewith.

1.8     Closing. The closing (the "Closing") shall occur within fourteen (14) days after the entry of the Sale Order (as defined below) not including federal holidays, provided there is no stay of the Sale Order in effect, at the Law Offices of Avrum J. Rosen, PLLC, 38 New Street Huntington, New York 11743, or such other place as the Seller and Buyer shall mutually agree. The Sale Order shall contain provisions granting the Buyer the protections afforded by Section 363(m) of the Bankruptcy Code.

1.9     Seller's Deliveries. At the Closing, the Seller shall deliver or cause to be delivered the following to the Buyer: a bill of sale related to the Asset, and any other documents reasonably requested by the Buyer (collectively, the "Transfer Documents"). The Transfer Documents and any other documents required to perfect the Buyer's interest in the Asset shall be prepared by the Buyer consistent with the terms of this Agreement, and must be reasonably satisfactory in form and substance to both the Buyer and the Seller and their respective counsel.

2.     **REPRESENTATIONS, WARRANTIES AND COVENANTS OF SELLER.**

The sale, assignment, transfer, and conveyance made by the Seller to the Buyer shall be free and clear of all liens, claims and encumbrances, and transferred **"AS IS"**, **"WHERE IS"**, **"WITH ALL FAULTS"** and with no other representations, legal and/or equitable.

2.1     Seller's Authority. Seller has the power and authority to enter into and perform this Agreement subject to the approval of the Bankruptcy Court.

3.     **REPRESENTATIONS AND WARRANTIES OF BUYER.**

The Buyer hereby represents and warrants to the Seller that:

3.1     Organization and Authority. The Buyer is duly organized, validly existing and in good standing under the laws of the state or country of its formation. The Buyer has the requisite power and authority to enter into and perform under this Agreement.

3.2     No Violation of Other Instruments; Consents. The execution and delivery of this Agreement and the performance hereunder by the Buyer have been duly authorized by all necessary corporate action, if any, on the part of the Buyer, and no other proceedings on its part are necessary to authorize the execution, delivery and performance of this Agreement and other instruments contemplated hereby by the Buyer. The execution and delivery of this Agreement and the performance hereunder by the Buyer, assuming execution of this Agreement by the Seller, this Agreement will constitute a legal, valid and binding obligation of the Buyer, enforceable against the Buyer in accordance with its terms, subject as to enforcement: (i) to bankruptcy, insolvency,

reorganization and arrangement; and (ii) to general principles of equity, whether such enforcement is considered in a proceeding in equity or at law. Neither the execution and delivery of this Agreement by the Buyer nor the performance hereof by the Buyer will: (i) conflict with or result in any breach or violation of the terms of any decree, judgment, order, law or regulation of any governmental entity now in effect applicable to the Buyer; or (ii) violate or conflict with any provision of the Buyer's certificate of formation.

    3.3. The Buyer is a "disinterested person" as defined in the Bankruptcy Code.

4. **BANKRUPCTY COURT APPROVAL.**

    4.1 Sale Procedures and Sale Order:

        (a) Within seven (7) business days following the signing of this Agreement, the Seller shall file a motion (the "Sale Motion") with the Bankruptcy Court seeking an order establishing notice and bidding procedures concerning the sale of the Asset to the Buyer, **subject to higher and better offers at a public auction** (the "Sale Procedures Order").

        (b) The Sale Motion shall also seek: (i) the approval of this Agreement by the Bankruptcy Court including the sale of the Asset free and clear of all liens, claims, encumbrances and other interests (the "Sale Order"); and (ii) a "breakup" fee in the amount of TWO THOUSAND FIVE HUNDRED DOLLARS 00/100 ($2,500.00).

5. **CONDITIONS TO THE OBLIGATIONS OF THE PARTIES.**

    5.1 Conditions to the Obligations of Buyer: The obligations of the Buyer hereunder shall be subject, to the extent not waived by the Buyer, to the following conditions:

        (a) The representations and warranties of the Seller set forth herein shall be true and correct in all respects as of the date when made and shall be deemed to be made again at and as of the time of the Closing and shall then be true and correct.

        (b) No order of any court or governmental agency shall be in effect that restrains or prohibits the consummation of the transactions contemplated by this Agreement.

        (c) The Bankruptcy Court shall have entered a Sale Order as set forth in Section 4.1(b). The Sale Order shall not have been vacated, stayed, amended, reversed or modified.

    5.2 Conditions to the Obligations of Seller: All the obligations of the Seller hereunder shall be subject, to the extent not waived by the Seller, to the following conditions:

        (a) All representations and warranties of the Buyer contained in this Agreement shall be true and accurate in all material respects as of the date when made and shall be deemed to be made again at and as of the Closing and shall then be true and

4

accurate in all material respects.

(b) No order of any court or governmental agency shall be in effect that restrains or prohibits the consummation of the transactions contemplated by this Agreement.

(c) The Bankruptcy Court shall have entered a Sale Order as set forth in Section 4.1(b). The Sale Order shall not have been vacated, stayed, amended, reversed or modified.

## 6. TERMINATION AND DEFAULT.

6.1 Termination of Agreement. The parties may terminate this Agreement as provided below:

(a) Buyer and Seller may terminate this Agreement only by mutual written consent at any time prior to the Closing; or

(b) By either party if the Sale Order is not approved within ninety (90) days of the parties' full execution of this Agreement (the "Termination Date"), or unless the Parties mutually agree otherwise on or before the Closing; or

(c) By the Buyer if there has been a material breach by the Seller of any of its representations, warranties or covenants contained in this Agreement, or if any condition set forth in Section 5.1 hereof shall not be met or becomes impossible to fulfill on or before the Termination Date unless such fulfillment has been made impossible by any act or failure to act of the Buyer. In the event of the Seller's default set forth herein, the Buyer's sole remedy shall be the return of the Deposit by the Trustee; or

(d) By the Seller if there has been a material breach by the Buyer of any of its representation, warranties or covenants contained in this Agreement, or if any condition set forth in Section 5.2 hereof shall not be met or becomes impossible to fulfill on or before the Termination Date unless such fulfillment has been made impossible by any act or failure to act of the Seller. In the event of the Buyer's default set forth herein, Seller's sole remedy shall be to retain the Deposit.

6.2 Effect of Termination. If any party terminates this Agreement pursuant to Section 6.1 above, all rights and obligations of the parties hereunder shall terminate without any liability of any party to any other party (except for any liability of any party then in breach as set forth in 6.1 (c) and (d)). If this Agreement is terminated pursuant to Section 6.1 (a) or (b), or as a result of the Bankruptcy Court refusing prior to the Closing to grant the Sale Order this Agreement shall be immediately null and void and the Buyer shall have no further rights under this Agreement, except for the return of the Deposit.

## 7. MISCELLANEOUS.

7.1 Expenses. Except as otherwise expressly provided herein, each party hereto will pay

its own costs and expenses, including legal and accounting expenses, related to the transactions provided for herein, irrespective of when incurred. The Buyer shall be responsible for any and all recording fees and expenses associated with the transfer of the Asset.

       7.2    Notices. In order to be effective, any notice or other communication required or permitted hereunder must be in writing and must be transmitted by personal delivery, reputable overnight courier service or certified mail (postage pre-paid, receipt requested), as follows:

> If to the Seller:    David J. Doyaga, Sr., Trustee
> c/o Law Offices of Avrum J. Rosen, PLLC
> 38 New Street
> Huntington, New York 11743
> Attn: Avrum J. Rosen, Esq.
>      Alex E. Tsionis, Esq.
>
> If to the Buyer:    Partnership Liquidity Investors V, LLC
> 1511 Kings Road
> Newport Beach, California 92663
> Attn: Jerome A. Fink, Manager

or at such other address as the party shall designate in a written notice to the other parties hereto, given in accordance with this Section 7.2. All notices and other communications shall be effective (i) if delivered in person, when delivered; (ii) if sent by overnight courier, the next business day following the delivery thereof to such courier (or such later date as is demonstrated by a bona fide receipt there for); or (iii) if sent by certified mail, three days after deposit in the mail.

       7.3    Successors and Assigns. The provisions of this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns; provided, that neither party may assign or otherwise transfer any of its rights or obligations under this Agreement without the consent of the other party. This Agreement shall be binding upon and is solely for the benefit of each of the parties hereto and their respective successors and assigns, and nothing in this Agreement is intended to confer upon any other person any rights or remedies of any nature whatsoever under or by reason of this Agreement.

       7.4    EntireAgreement. This Agreement and the schedules hereto constitute and contain the entire agreement of the parties and supersedes any and all prior negotiations, correspondence, understandings and agreements between the parties respecting the subject matter hereof.

       7.5    Amendment. This Agreement may be amended only by a writing signed by all of the parties hereto and approved by the Bankruptcy Court.

       7.6    Governing Law; Jurisdiction. This Agreement shall be governed by and construed in accordance with the laws of the State of New York applicable to contracts entered into and wholly to be performed in the State of New York. The Bankruptcy Court shall have exclusive jurisdiction with respect to any issues arising between the parties and relating to the terms or provisions of this Agreement or the consummation of the transactions contemplated hereunder and the Parties consent to the Bankruptcy Court's entry of final orders and judgments and waive the right, if any, to a jury

trial.

7.7 Severability. If any provision of this Agreement is held to be unenforceable for any reason, it shall be adjusted rather than voided, if possible, in order to achieve the intent of the parties to the extent possible. In any event, all other provisions of this Agreement shall be deemed valid and enforceable to the fullest extent possible.

7.8 Headings. The headings contained herein have been inserted for the convenience of the parties, and shall not be used to determine the construction or interpretation of this Agreement.

7.9 Counterparts. This Agreement may be executed in original or pdf or facsimile counterparts, each of which shall be deemed an original, but all of which when taken together shall constitute one and the same instrument.

7.10 Counsel. The parties to this Agreement do further state that they have been represented by counsel of their own choice in arriving at this Agreement and that this Agreement represents the product of their negotiations.

7.11 Broker. Buyer and Seller represent that they have not dealt with any broker and that no commissions are owed to any brokers resulting from this transaction. If either party is guilty of a breach of this representation and warranty, the breaching party shall indemnify the other party for any claims, suits, liabilities, costs, judgments and expenses, including reasonable attorneys' fees, or commissions resulting from or arising out of such party's actions in violation of this representation and warranty. The provisions of this paragraph shall survive the Closing except that this provision as it relates to the Trustee shall not survive closure of this case by the Trustee.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the date first above written.

For Seller:
Law Offices of Avrum J. Rosen, PLLC

By: _____
David J. Doyaga, Sr.,
Solely as Chapter 7 Trustee
of the estate of Thema T. Norton

Buyer:
Partnership Liquidity Investors V, LLC

By: _____
Jerome A. Fink, Manager