# DAHIYA LAW OFFICES LLC
*Attorneys*
75 Maiden Lane Suite 606
New York, New York 10038
Tel: 212-766 8000   Fax: 212 766 8001
karam@legalpundit.com

VIA ECF                                             November 4, 2021

Hon. Elizabeth S. Stong
Judge, United States Bankruptcy Court
Eastern District of New York
Brooklyn New York 11201

            Re: *Thema Norton Debtor Case No. 17-42199-ESS, Subpoena, discovery and letters by the Trustee's counsel Law Offices of Avrum Rosen PLLC*

Dear Judge Stong:

    I am the counsel for the debtor, Thema Norton and her father Joseph Norton. I write to express deep anguish and complain about unfairness of the process as executed and collusion of the parties and abuse of this Court, the process and misrepresentation and shortcuts by the parties complained about.

On October 15, 2014, the undersigned received the following email:

> Dear Mr. Dahiya:
> As you should know, we have managed to personally serve Mr. Joseph at his residence, despite the fact that you represented that he is out of the country. Under the 2004 Order, the subpoena documents by Mr. Joseph are due no earlier than fourteen (14) days from the date of service of a subpoena, which in this case was October 7, 2021. Accordingly, the documents requested by the
> subpoena are due on October 22, 2021. Also, the deposition per the subpoena, is set to take place on October 22, 2021 at 9:30 a.m. Please confirm that we will have the documents by October 22, 2021 and that Mr. Joseph will attend the deposition set for October 22, 2021. If not, please provide some alternative dates and times, in close proximity to the deposition date. Thank you.
> Very truly yours,
> Alex E. Tsionis, Esq. Attorney
> Law Offices of Avrum J. Rosen, PLLC

Email, Ex. A. On October 18, 2021, the Law Offices of Avrum J. Rosen, PLLC files a personal service affidavit of service upon Mr. Joseph Norton. Dkt# 118. Subpoena Service, Ex. B. A case

is made out. However, the said representation Law Offices of Avrum Rosen, PLLC and Subpoena Service were serious misrepresentation violating the ethics. Mr. Joseph Norton in serious medical condition, ailing, came back to United States on October 20, 2021. **Ex. C**. (Arrival Border Customs Screenshot).

On October 19, 2021, this Court, under pressure by the Law Offices of Avrum J. Rosen, PLLC conducts Zoom hearing regarding an improperly brought with a shortened notice sale hearing of the alleged membership interest of Ms. Thema Norton. That motion for sale had misrepresentation too especially about the urgency of sale,

> According to the Purchase Agreement, either party may terminate the Purchase Agreement if a sale order is not approved within ninety (90) days of the parties' full execution of the Purchase Agreement. In addition, the Trustee has to still market the Asset, which will take approximately thirty (30) days. As such, the Trustee is moving as expeditiously as possible to prevent the triggering of this termination clause in the Purchase Agreement, which would give the Stalking Horse Bidder the right to cancel the Purchase Agreement, if they so desired, and which would ultimately prejudice creditors of the estate.

Declaration of Avrum Rosen, Motion for an Expedited Hearing, dkt # 107, p. 7. There was no such emergency, it was cleverly crafted to escape parties and judicial scrutiny. It was clear from the hearing that took place on October 19, 2021, that Law Offices of Avrum Rosen had not done its homework and had not read even their unlawfully obtained[1] alleged operating agreement (Operating Agreement) of Saratoga Linovia LLC. The Operating Agreement says that the members shall be entitled, upon the assignment of their interest only to the extent of their capital contribution. The Law Office of Avrum Rosen, PLLC had not even read this. The Operating Agreement is not supplanted by some independent valuation upon bankruptcy of a member. "Under New York Limited Liability Company Law, the LLC's operating agreement governs the parties' conduct. To the extent the agreement is silent, there are default provisions in the New York Limited Liability Company laws that apply." *In re E. End Dev., LLC,* 491 B.R. 633, 638 (Bankr. E.D.N.Y. 2013). Also, the Law Offices of Avrum Rosen, PLLC did not follow the "right of first refusal" as clearly warranted under the Operating Agreement. A bankruptcy trustee does not have special powers to alter and or to change the basics, where there is neither conflict nor an

---

[1] It was unlawfully obtained because Law Offices of Avrum Rosen did not and still does not follow Rule 45, i.e. before issuance of subpoena, all parties must be informed.

express displacement of the state laws. *Butner v. United States,* 440 U.S. 48, 54, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) (Congress "has generally left the determination of property rights in the assets of a bankrupt's estate to state law"); *In re Morton*, 866 F.2d 561, 563 (2d Cir.1989)(applying state law in absence of compelling federal interest). The Law Offices of Avrum Rosen, PLLC, pushes an impermissible agenda.

### **Mr. Joseph Norton was not Served**

On January 26, 2021, the Law Offices of Avrum Rosen, PLLC moved this Court for Rule 2004 Examination of the Debtor and her father Joseph S. Norton. The undersigned filed an objection. The Court authorized issuance of subpoena as to the Debtor and her father Mr. Norton on March 2, 2021. On March 30, 2021, the undersigned moved to Quash the subpoena for several infirmities. On April 5, 2021, the Law Offices of Avrum J. Rosen PLLC made an "Emergency Motion to Authorize/Direct a Hearing on an Expedited Basis Regarding Chapter 7 Trustee's Motion for Leave to Re-Serve Subpoenas on the Debtor and Joseph S. Norton by Alternate Means Filed by Alex E. Tsionis on behalf of David J. Doyaga." Dkt # 65. It was brought to the court's notice that the Mr. Norton is out of the country and we accepted the service on behalf of Ms. Norton as a courtesy. We provided the address of Mr. Norton to the Law Offices of Avrum J. Rosen PLLC. And we also withdraw the motion to quash as a courtesy, Dkt # 70, also because the service upon Mr. Norton was complete and the undersigned did not accept service on behalf of Mr. Norton. Mr. Norton was never served abroad.

A proper service is a must before compliance. "[S]cholars of civil procedure have stated that personal service [of Subpoena] is necessary under the law." *Ultradent Prods., Inc. v. Hayman,* 2002 WL 31119425, at *3 (S.D.N.Y. Sept. 24, 2002). See also, *Scarpa v. Saggese,* Nos. 93-1356, 93-1672, 1994 U.S. App. LEXIS 2229, at *3 (1st Cir. Feb. 10, 1994) ("[A] subpoena cannot be left at someone's home; it must be served upon the person."); *Conanicut Inv. Co. v. Coopers & Lybrand,* 126 F.R.D. 461, 462 (E.D.N.Y. 1989) ("Rule 45 requires a subpoena to be served by personally delivering a copy to the person named therein."); In re Johnson & Johnson, 59 F.R.D. 174, 177 (D. Del. 1973) ("[P]ersonal service of a subpoena is required when an individual is subpoenaed."); *Gillam v. Shyman,* 22 F.R.D. 475, 479 (D. Alaska 1958) ("The subpoena duces tecum calling on [the nonparty] to appear personally as a witness fails because it was not personally served....").

Service of the subpoena upon the undersigned is also very improper,

> Unlike service of most litigation papers, service on an individual's lawyer will not suffice. *See Khachikian v. BASF Corp.,* No. 91–CV–573, 1994 WL 86702, at **1–2 (N.D.N.Y. Mar. 4, 1994) (quashing subpoena that plaintiff mailed to the defendant corporation's attorney rather than to the corporation itself, which was the party named in the subpoena); *In re Deposition Subpoena Directed to Smith,* 126 F.R.D. 461, 462 (E.D.N.Y.1989) (McLaughlin, J.) (denying plaintiff's motion to serve a deposition subpoena and a subpoena duces tecum on a non-party witness by delivering the subpoenas to the witness's attorney where Rule 45 required service on the person named in the subpoena; noting that Rule 45 should be reevaluated to permit service of subpoenas other than by personal delivery); *Harrison v. Prather,* 404 F.2d 267, 273 (5th Cir.1968) (holding that service of subpoena on plaintiff's counsel, as opposed to the plaintiff himself, renders such service a nullity); *see also* 9A Wright & Miller, Federal Practice and Procedure, § 2454 ("[U]nlike service of most litigation papers after the summons and complaint, service on a person's lawyer will not suffice.").

*Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas,* 262 F.R.D. 293, 304 (S.D.N.Y. 2009).

Mr. Norton was abroad. To the best of our knowledge, he was not served abroad, pursuant to the Walsh Act, i.e., 28 U.S.C. 1783. Rule 45(b)(2)) of the Federal Rules of Civil Procedure and Rule 17(e)(2) of the Federal Rules of Criminal Procedure, both of which provide for the service of subpoenas abroad, state that a subpoena directed to a witness in a foreign country is to issue under the circumstances and in the manner and be served as provided in 28 U.S.C. § 1783. § 1783 *impliedly* incorporates Rule 4(f)– service "shall be effected in accordance with the provisions of the Federal Rules of Civil Procedure relating to service of process on a person in a foreign country. We found evidence of the same, neither this Court issuing subpoena, nor a service effectuated by Avrum Rosen Law Offices. Also, Mr. Norton is not a trial witness, even this would not have helped the Law Offices of Avrum Rosen. I put pressure on Mr. Joseph Norton to come back despite his ill health. He came.

**Duty to Respond does not arise unless served**

Proper service of subpoena is a prerequisite for any compliance. Law Offices of Avrum Rosen, PLLC has not provided any evidence of service pursuant to 28 U.S.C. § 1783 and affidavit of local service is fraud. Since there was no proper service, the duty to comply does not arise. See Darby v. McDonald, 307 F.R.D. 254, 257 (D.D.C. 2014) (finding no willfulness because the

plaintiff failed to "rebut[ ] the allegation of improper service and [did] not provide[ ] proof of proper service"). See also, Void-El v. O'Brien, 811 F. Supp. 2d 255, 259 (D.D.C. 2011) ("The default was not willful where Defendants, not having been served, had no duty to respond to the Complaint, and their alleged defenses are meritorious. In addition, Plaintiff is not prejudiced where he did not comply with the Federal Rules. Vacating the default is thus clearly appropriate."). There is no prejudice of any kind to the Trustee David Doyaga. He just did not comply with the law. Clearly a party "is not prejudiced where [it] did not comply with the [applicable] Rules" for effecting proper service. Darby, 307 F.R.D. at 257 (second alteration in original) (quoting Void-El, 811 F. Supp. 2d at 259).

**The Law Offices of Avrum Rosen PLLC takes Shortcuts**

L**etters won't do.**

Request to the Court for an order mandatorily must be made by motion. Fed. R. Civ. P. 7(b)(1) (providing that "[a] request for a court order must be made by motion"). Letters to the Court are not motion, nor emails to the undersigned compelling production of documents,

> The Federal Rules of Civil Procedure provide necessary boundaries and requirements for formal discovery. Parties must comply with such requirements in order to resort to the provisions of Fed.R.Civ.P. 37 governing motions to compel. Informal requests for production lie outside the boundaries of the discovery rules. Formal requests may be filed under some circumstances not letter requests. Formal requests require certificates of conferring and service. **Letters do not**. Formal requests certify representations of counsel under Fed.R.Civ.P. 11(b). **Letters do not.** Formal requests clearly implicate the duties of opposing parties to respond pursuant to Fed.R.Civ.P. 34. **Letters do not**. Formal requests may occasion sanctions. **Letters usually do not**. To treat correspondence between counsel as formal requests for production under Rule 34 would create confusion and chaos in discovery...

*Suid v. Cigna Corp.,* 203 F.R.D. 227, 228–29 (D.V.I. 2001)(quoting *Sithon Maritime Co. v. Mansion et al.*, 1998 WL 182785, at *2 (D.Kan. 1998). Thus it is clear that "a letter is not a substitute for a motion." *N. Illinois Telecom, Inc. v. PNC Bank, N.A.,* 850 F.3d 880, 886 (7th Cir. 2017)(construing motion requirement under Rule 11); Indeed, "It would ... wrench both the language and purpose of ... the Rule to permit an informal warning to substitute for service of a motion." *Penn, LLC v. Prosper Bus. Dev. Corp.,* 773 F.3d 764, 767 (6th Cir. 2014)( quoting *Barber v. Miller,* 146 F.3d 707, 710 (9th Cir.1998).

The Law Offices of Avrum Rosen PLLC has reduced the prestige of our court and its judicial pristine. The Court has been more than very accommodative, but it must stop. We are not here dealing with post office, that we just mail a letter, rather it is a federal judicial court.

Based on Court's intervention and the undersigned agreement to make Mr. Norton appear for the deposition, the Law Offices of Avrum J. Rosen PLLC sends the following message,

> Good morning:
> I am following-up on my emails dated October 19, and October 20th.
> Please advise as to your availability to confer regarding the deposition
> of Mr. Joseph Norton, which is to occur on or before November 9,
> 2021.
> Thank you,
> -Alex

We agreed to the said deposition and also the Court in its Zoom conference had stated that any process, discovery etc. would be subject to federal rules without prejudice to anyones's rights. Despite the said admonition of the Court to Mr. Alex E. Tsionis, he on October 27, 2021 seeks the Courts intervention with a letter for substantive relief. Ex. C. (letter to the Court) . The Law Offices of Avrum Rosen, PLLC makes false representation in the letter dated October 27, 2021. He misleads the Court by stating,

> In an effort to avoid further needless litigation with Mr. Dahiya, the
> Trustee did exactly what Mr. Dahiya wanted – he personally served
> Mr. Norton as set forth in his Motion to Quash. The Court is
> respectfully referred to the Affidavit of Service [Dkt. No. 118]
> attesting that Mr. Norton was personally served with the subpoena
> and 2004 Order on October 7, 2021. Oddly, Mr. Dahiya is still not
> satisfied with how Mr. Norton was served and is still arguing that
> the Trustee did not "make proper demand pursuant to the rules." It
> should also be noted that no timely motion was filed to quash the
> subpoena that was personally served on Mr. Norton.

Letter Dated October 27, 2021. The said remarks are perjurious. Also, it was stated at the Zoom hearing, that there are no tax returns. Mr. Tsionis still insist that we produce exculpatory paperwork—his impression is that all properties of the Norton family belongs to the Trustee, David Doyaga unless proved otherwise. Trustee bears the burden to prove something is estate property, *In re Schick,* 234 B.R. 337, 343 (Bankr. S.D.N.Y. 1999), here unfortunately, we have been cornered to produce paperwork showing otherwise. We are made to carry the burden. It is preposterous what is happening here. The Norton family has been cornered in the name of the interest of the creditors when in fact barring one (less than $2500). The reason is simple, the

Trustee in collusion with ECP and Jeremy Friedberg has undertaken to carry a proxy discovery on behalf of ECP. ECP has no claim in this case, more than amply simplified and shown to this Court (the Motion for claim expungement continues to be adjourned).

*A conscious commitment to common scheme by Trustee and ECP*

Mr. Norton is being cornered, Mr. Frieberg the counsel for ECP knows how to pull plugs and extract information for his own deficiency judgment enforcement. The Law Offices of Avrum Rosen PLLC is obliging him. It is clear that a monkey wrench under the guise of Proof of Claim has been thrown in providing a platform to the Trustee and his team to corner Norton family and continue with this extortionist venture. The bankruptcy trustee deliberately has avoided challenging the proof of claim as this gives him a basis to continue with these discovery tools and provide indirect but unlawful assistance to Mr. Friedberg. Subpoenas have been sent to the banks, parties, based on exhortation by Mr. Friedberg. And once those documents have been retrieved, they are being used in the state court pending actions. **Ex. D.** And for that very reasons, he (the Trustee or the Law Offices of Avrum Rosen PLLC) is not attending to the very basics of this case, among others. There is no doubt that appointed trustee, shall, "examine proofs of claims and object to the allowance of any claim that is improper." 11 U.S.C. § 704. He has not done it. Certainly so, for the entire template or their excuse of estate interest or the interest of the creditor fails, if ECP claims stays put. ECP has no claim against the Debtor and since the bankruptcy trustee or his legal team did not bother to ask about the veracity of the claim, we filed a motion to expunge the same. "The conduct of bankruptcy proceedings not only should be right but must seem right." *In re Ira Haupt & Co.,* 361 F.2d 164, 168 (2d Cir. 1966). 11 U.S.C. § 704(a)(5) states that the Trustee shall examine proofs of claims and object to the allowance of any claim that is improper (only) "if a purpose would be served." No doubt, it is an old statutory encumbrance,

> Section 47a(8) of the Act explicitly states that it is the trustee's duty to examine all proofs claim and object to the allowance of such claims as may be improper.' It is proper for the trustees to take a position on whether allowable claims should be treated on an equal footing.

*In re Credit Indus. Corp.,* 250 F. Supp. 582, 584 (S.D.N.Y. 1965), aff'd in part, rev'd in part, 366 F.2d 402 (2d Cir. 1966). It has long been a duty of the trustee to do the very basic that wrong people don't make a claim.

> There is no question that a trustee in bankruptcy may be held personally liable for breach of his fiduciary duties. *Mosser v. Darrow,* 341 U.S. 267,

> 71 S.Ct. 680, 95 L.Ed. 927 (1951). Such liability may attach as the result of negligent, as well as knowing or intentional, breaches. *In re Cochise College Park, Inc.,* 703 F.2d 1339, 1357 (9th Cir.1983); *cf. Morrissey v. Curran,* 650 F.2d 1267, 1282 (2d Cir.1981). We thus agree with the findings of the bankruptcy and district courts that appellant was liable for breach of his fiduciary obligations.

*In re Gorski,* 766 F.2d 723, 727 (2d Cir. 1985). Trustee and ECP through their respective agents have entered into a unity of purpose or a common design and understanding, or a meeting of minds in an unlawful arrangement. This understanding does not have to be in formal notes, a tacit understanding can arise without verbal communication. It is clear to the Trustee that if there is no claim of ECP, there is nothing to prod the corner the family of Ms. Norton. As has been said before, that Ms. Norton filed bankruptcy out of fear. Fear does not give rise to claims. It was a shameless of pursuit of the young girl for the sole purpose of cornering a family for settlement. This Court does not approve of this kind of litigation conduct. But that is what is happening here. ECP threw in their make-believe claim and we have so brought to the Court's attention. Trustee is deliberately ignoring it—for ECP's fake claim is the lynchpin of "interest of creditor" and "creditors to take care of." But all this is fatal to the basics of law, integrity and honesty of the system. As so aptly put, these unlawful understanding "[a] knowing wink can mean more than words," must stop. Why has this Trustee not moved to dismiss and or not even support the dismissal of ECP's claim.

*Family put on a sliding scale*

Rule 2004 examination and reach is unbridled and mantra of make believe claims of the creditors have given fuel to it. Rule 2004 is being used for proxy litigation. Is it not true that for long courts are supposed to not do what is happening here. They have prevented abuse of Rule 2004 examination. As seen from attachment, Norton family now is being subjected to the another round of proceeding in the state court. Ex. D (state court proceeding). And this Trustee has become the fork for ECP. The said operating agreement used by Mr. Friedberg is something that was retrieved by the Law Offices of Avrum Rosen PLLC unlawfully without serving a copy of the same upon the undersigned. It is serving Mr. Friedberg state interest. This not acceptable use of Rule 2004 examination,

> Under the rule, "once an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not by Rule 2004," In re Enron Corp., 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002); In re Bennett Funding Group, Inc., 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) ("The well recognized rule is that once an

> adversary proceeding or contested matter has been commenced, discovery is made pursuant to the Fed. R. Bankr. P. 7026 et seq., rather than by a Fed. R. Bankr. P. 2004 examination."), and the principle applies to pending state court litigation. See Snyder v. Society Bank, 181 B.R. 40, 42 (S.D. Tex. 1994) aff'd sub nom. In re Snyder, 52 F.3d 1067 (5th Cir. 1995). The pending proceeding rule is based on the different safeguards that attend Rule 2004 and civil litigation discovery, and reflects a concern that a party to litigation could circumvent his adversary's rights by using Rule 2004 rather than civil discovery to obtain documents or information relevant to the lawsuit. In re Glitnir banki hf., No. 08-14757 (SMB), 2011 WL 3652764, at *4 (Bankr. S.D.N.Y. Aug. 19, 2011); In re Wash. Mut., Inc., 408 B.R. 45, 51 (Bankr. D. Del. 2009); Enron Corp., 281 B.R. at 840–41; Bennett Funding Group, 203 B.R. at 29–30.

*In re Sunedison, Inc.,* 572 B.R. 482, 490 (Bankr. S.D.N.Y. 2017). It has become important to examine the Trustee and ECP communication.

Since, we have not been served with the Subpoena, we could not move to quash it. Now, since we have agreed as a courtesy and went to an extreme end in putting pressure on an ailing Mr. Norton to come to New York to talk as the Court has suggested, we cannot be asked to produce documents. No subpoenas have been served. The Law Offices of Avrum Rosen PLLC without the benefit of the subpoena makes a demand for the paperwork after the Zoom conference with the Court. The Trustee wants his papers now. But even if there was a regular subpoena and is deemed to be proper, a notice of few days makes the subpoena quashable. The Trustee wants the papers now from a man visiting hospital undergoing surgeries. But law does not permit such pressure put on people,

> Brown's subpoena was served on August 23, 2010, and required Hendler to appear for the deposition on September 1, 2010, allowing Hendler nine days to comply. "Rule 45(c)(3)(A)(i) provides that 'the issuing court must quash' a subpoena that 'fails to allow a reasonable time to comply,' Although Rule 45 does not define 'reasonable time,' many courts have found fourteen days from the date of service as presumptively reasonable. *In re Rule 45 Subpoena Issued to Cablevision Systems Corp. Regarding IP Address 69 .120.35.31,* No. MISC 08–347(ARR)(MDG), 2010 WL 2219343 at *5 (E.D.N.Y. Feb. 5, 2010) (collecting cases). Federal courts have also found compliance times of eight and seven days not to be reasonable. *Memorial Hospice, Inc. v. Norris,* No. 2:08–CV–084–B–A, 2008 WL 4844758, at * 1 (N.D.Miss. Nov. 5, 2008); *United States v. Woods,* 931 F.Supp. 433, 442 n. 3 (E.D.Va.1996). In this case, given the distance that Hendler was required to travel to appear for the deposition and the lack of witness and travel fees tendered, the Court finds that nine days was not a reasonable time to comply with the subpoena.

*Brown v. Hendler,* No. 09 CIV. 4486 RLE, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011). Mr. Norton was given neither service of subpoena, nor witness fees but a undue pressure, coupled with improperly obtained from this Court's directives by misleading about the urgency etc. Id. ("Because of Brown's failure to provide witness and travel fees or a reasonable time to comply renders the subpoena invalid, and the Court does not need to reach the issue of whether Brown's attorney's office was an appropriate venue for the deposition. Brown's motion to hold Hendler in contempt is DENIED and Hendler's motion to quash the subpoena is GRANTED")

> Whether a subpoena subjects a witness to undue burden within the meaning of Rule 45(c)(3)(A)(iv) usually raises a question of the reasonableness of the subpoena. The determination of a subpoena's reasonableness requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it; this process of weighing a subpoena's benefits and burdens calls upon the trial court to consider whether the information is necessary and whether it is available from any other source. It obviously is a highly case specific inquiry and entails an exercise of judicial discretion.")

*Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas,* 262 F.R.D. 293, 299–300 (S.D.N.Y. 2009)(quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2008) Even though there is no properly served subpoena upon Mr. Norton, we argue that even under that circumstance, it shall be onerous. The moves by the Law Offices of Avrum Rosen, PLLC are highly improper, besides putting pressure on the Court by filing frivolous paperwork, misleading the Court and attracting attention as a crying wolf. The Trustee's counsel create their own phantom emergencies tweak facts to suit their interest,

> The court further notes counsel's suggestion that all of the problems related to the deposition arise out of the witness's failure to appear at the two scheduled depositions without valid cause. As previously noted with respect to the first deposition, this allegation is contrary to Fed.R.Civ.P. 45 and well-established existing law. The subpoena was neither served on the witness nor accompanied by an appropriately tendered witness fee,

> either of which precludes the subpoena from being enforceable. Clearly, the witness had a valid reason for not appearing at the first scheduled deposition. She simply was not required to appear as a matter of law. Counsel's statement that he has "asked nothing more of this witness than what the statute requires" is without legal basis.

*Alexander v. Jesuits of Missouri Province,* 175 F.R.D. 556, 560 (D. Kan. 1997). Pressure is artificially created, it is an art, however law does not provide support. While "[e]xpedited discovery is 'not the norm,'" *Hard Drive Prods. v. Doe*, 2012 U.S. Dist. LEXIS 89937, at *3 (N.D. Ill. June 26, 2012); *St. Louis Group, Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011), it "may be granted if a party shows that there exists some unusual circumstances or conditions which would be likely to prejudice the plaintiff if he were compelled to await for the required period," *Citizens for Responsibility & Ethics in Wash. v. Exec. Office of the President*, 2008 U.S. Dist. LEXIS 57261, at *14 (D.D.C. July 29, 2008). What was unusual here? Nothing. The Trustee had the burden to establish prima facie showing of the need for such early discovery. *Hard Drive Prods.*, 2012 U.S. Dist. LEXIS 89937, at *3.

Let us not forget, it is the same trustee that had the case before him and had the examination and also was deemed to be on notice, as the Adversary Complaint against the Debtor by ECP was also on the docket. His negligence cannot become a pressure point for us. It is not acceptable. *McNerney v. Archer Daniels Midland Co.,* 164 F.R.D. 584, 588 (W.D.N.Y. 1995) ("when [a] party … is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the then the subpoenas and discovery requests should be denied.")

It is horrible, we are being put under the Subpoena duty without a properly served subpoena. Even when a subpoena is properly before the partis, Rule 45 provides in relevant part: (c)(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee. Time has come now for us to seek substantive relief and we will moving shortly with the same. This case reopening was not necessary for trying a violation of discharge. And even if opened, it was not necessary to appoint a trustee based on false claims by ECP. And even if the trustee was appointed, the Trustee/Court

could have looked into the number of claims and fakeness of ECP claim. This is the second filed bankruptcy of the debtor, all so called claims of ECP were before the trustee, for he had notice of the adversary as was filed in the first case. Now what is the hurry here to rush and put pressure on the court and the parties? The whole case should be dismissed. There is neither a claim, other than one by American Express. And we can pay that in full. As stated earlier Ms. Norton bankruptcy was sought out of fear, for she was doing through pregnancy and she was stressed out owing to ECP's barrage of lawsuits in different courts. Fear alone made her file bankruptcy. There are no claims here. What is there for the trustee. Our motion to expunge the claim has not been heard on merits, it has been adjourned a few times and our adversary proceeding for discharge violation is put into mediation, meanwhile we continue to be harassed by the Trustee and his legal team. Not the Trustee, it is us, the debtor and her family that has claims against ECP, Mr. Friedberg and now the Trustee.

It was important for the undersigned to show what is happening here, the abuse of the court and the debtor when there is a collusion of the creditor and trustee and depravity of the pending proceedings.[2]  We are very pained by what we see here.

/s/_____
Karamvir Dahiya

---

[2] We had sued Mr. Friedberg and his partner, however the Debtor being a young and kind girl let them go despite fatal miscarriage owing to their lawsuits.