UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
In re:                                          :      Chapter 7
                                                :
THEMA T. NORTON,                                :      Case No. 17-42199 (ESS)
                                                :
    Debtor.                                     :
                                                :
---------------------------------------------------------------X

**SUPPLEMENTAL BRIEF IN SUPPORT OF CREDITOR ECP
PROPERTY II LLC'S OBJECTION TO DEBTOR THEMA NORTON'S
MOTION TO STRIKE ECP'S PROOF OF CLAIM 2-2 [ECF 148]**

Creditor ECP Property II LLC ("ECP"), by and through undersigned counsel, and pursuant to Local Bankr. R. 9013-1, hereby supplements its *Objection* [ECF 150] (the "Objection") to Debtor Thema Norton's ("Debtor") *Motion to Strike ECP's Proof of Claim 2-2* [ECF 148] (the "Motion"), and in support thereof states as follows:

### INTRODUCTION

1. The Motion, much like Debtor's prior motion to strike [ECF 75] (the "Prior Motion"), is rife with inaccuracies on both the law and the facts underlying Claim 2-2 (the "Claim"), which ECP filed out of an abundance of caution after Debtor filed the Prior Motion. The Claim attaches sufficient documentation to show ECP's ownership of the rents at issue in the Claim, which were converted by Debtor. Fed R. Bankr. P. 3001 places a low bar for a claimant to make a valid claim; by attaching the complaint (the "Adversary Complaint") filed by ECP in an earlier bankruptcy proceeding to the Claim, ECP has put Debtor on notice of the basis and amount of its claim, thereby complying with the Rule.

1

## RESPONSE TO MOTION

2. ECP denies the allegations contained in the first paragraph of the *Affirmation in Support of the Motion* (the "Affirmation").

3. ECP denies the allegations contained in the second paragraph of the Affirmation.

4. ECP denies the allegations contained in the third paragraph of the Affirmation except as to the dates ECP filed its claims in this bankruptcy action.

5. ECP denies the allegations contained in the first paragraph of Section A of the Affirmation.

6. ECP denies the allegations contained in the second paragraph of Section A of the Affirmation, except as to the description of the documents attached to the Claim; ECP states that the attached documents are sufficient to comply with Fed. R. Bankr. P. 3001. ECP states that Exhibit A to the Motion is in writing and is the best evidence of their contents.

7. ECP admits it holds a deficiency judgment related to a foreclosure of 774 Rockaway Avenue, Brooklyn, New York, but otherwise denies the allegations contained in the second paragraph of the "Background" section of the Motion. ECP states that Exhibits C and D to the Motion are in writing and are the best evidence of their contents.

8. ECP denies the allegations contained in the first paragraph of Section B of the Affirmation. ECP specifically denies that it is required to produce the leases related to its Claim.

9. ECP denies the allegations contained in the first paragraph of Section C of the Affirmation.

10. ECP denies the allegations contained in the second paragraph of Section C of the Affirmation, except as to the quoted portions of the Adversary Complaint.

11. ECP denies the allegations contained in the third paragraph of Section C of the Affirmation.

12. ECP denies the allegations contained in the first paragraph of Section D of the Affirmation.

13. ECP denies the allegations contained in the second paragraph of Section D of the Affirmation.

14. ECP denies the allegations contained in the third paragraph of Section D of the Affirmation.

15. ECP denies the allegations contained in the fourth paragraph of Section D of the Affirmation.

16. ECP denies the allegations contained in the fifth paragraph of Section D of the Affirmation.

17. ECP denies the allegations contained in the sixth paragraph of Section D of the Affirmation.

18. ECP denies the allegations contained in the seventh paragraph of Section D of the Affirmation.

19. ECP denies the allegations contained in the first paragraph of Section E of the Affirmation.

20. ECP denies the allegations contained in the second paragraph of Section E of the Affirmation.

21. ECP denies the allegations contained in the first paragraph of the section of the Affirmation titled "ECP lacks standing as the Conversion claim was never assigned."

22. ECP denies the allegations contained in the second paragraph of the section of the Affirmation titled "ECP lacks standing as the Conversion claim was never assigned."

23. ECP denies the allegations contained in the first paragraph of the section of the Affirmation titled "Contract claims characterized as Tort does not provide a basis for Conversion Claim."

24. ECP denies the allegations contained in the second paragraph of the section of the Affirmation titled "Contract claims characterized as Tort does not provide a basis for Conversion Claim."

25. ECP denies the allegations contained in the third paragraph of the section of the Affirmation titled "Contract claims characterized as Tort does not provide a basis for Conversion Claim."

26. ECP denies the allegations contained in the fourth paragraph of the section of the Affirmation titled "Contract claims characterized as Tort does not provide a basis for Conversion Claim."

27. ECP denies the allegations contained in the first paragraph of Section F of the Affirmation.

28. ECP denies the allegations contained in the first paragraph of Section G of the Affirmation, except to the extent that it states that ECP holds a judgment against Riverrock Nehemiah Realty, LLC ("Riverrock"), Guytech Management, LLC, and Joseph Norton. ECP states that the ECP states that Exhibit B to the Affirmation is in writing and is the best evidence of its contents.

29. ECP denies the allegations contained in the second paragraph of Section G of the Affirmation.

30. ECP denies the allegations contained in the first paragraph of Section H of the Affirmation.

31. ECP denies the allegations contained in the second paragraph of Section H of the Affirmation.

32. ECP denies the allegations contained in the third paragraph of Section H of the Affirmation.

33. ECP denies the allegations contained in the fourth paragraph of Section H of the Affirmation.

34. ECP denies the allegations contained in the first paragraph of the *Declaration of Karamvir Dahiya in Support of the Motion* [ECF 148-1] (the "Declaration") except to the extent of the amount of ECP's Claim. ECP states that the ECP states that Exhibit A to the Declaration is in writing and is the best evidence of its contents.

35. ECP denies the allegations contained in the second paragraph of the Declaration. ECP states that the ECP states that Exhibit B to the Declaration is in writing and is the best evidence of its contents.

36. ECP denies the allegations contained in the third paragraph of the Declaration.

## ARGUMENT

**The Claim Is Valid**

37. As argued more fully below, ECP's burden in filing the Claim is only to place Debtor on notice of the amount and basis of its claim; the Claim does so, and the Motion should be denied. Furthermore, Debtor's claim for attorneys' fees cannot be made in the context of an objection to the Claim, and the Claim should be allowed to proceed.

38. In the Motion, Debtor essentially argues that that the Claim is invalid on two grounds. First, Debtor argues ECP attached inadequate proof of its entitlement to the rents to the Claim by failing to attach the leases at issue in the Claim. (Motion at pp. 4-18.) Second, Debtor argues that ECP cannot make a claim for conversion of the rents in Debtor's possession because the Assignment of Rents merged into the *Judgment* (the "Judgment") obtained by ECP against Joseph Norton, Riverrock Nehemiah Realty, LLC, and Guytech Management, LLC (collectively, the "Judgment Debtors"). (Motion at pp. 18-20.) Upon closer examination of the law and the facts, both arguments fail.

39. The Debtor is incorrect regarding the adequacy of the Claim and the documentation attached thereto. A creditor is not required to prove every aspect of its claim when it files a proof of claim. See, e.g., Johnson v. Home State Bank, 501 U.S. 78, 83, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991) (stating that "Congress intended... to adopt the broadest available definition of 'claim'" in enacting the Bankruptcy Code, and that even claims that were later deemed invalid were still "claims".) Furthermore, a claim in bankruptcy is not required to comply with the standards outlined in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The Motion's detailed analysis (pp. 7-11) of the standard for surviving a motion to dismiss in a federal court action is misplaced, and Debtor cites no case law applying the Twombly-Iqbal standard to a proof of claim in bankruptcy court.

40. Indeed, compliance with Fed R. Bankr. P. 3001 does not require a great deal of documentation because it is only intended to put Debtor on notice of the amount and basis for a creditor's claim to property owned by the estate. See In re PCH Associates, 949 F.2d 585, 605 (2nd Cir. 1991) (holding that the primary objective of 11 U.S.C. § 501 is to keep everyone involved in the proceeding informed and be aware of the claims against the debtor's estate so

that the debtor can have opportunity to contest those claims.") ECP's Claim complies with the Rules because it attaches the instrument upon which the Claim is founded, which is the Assignment of Rents, as an exhibit to the Adversary Complaint. Even on its own, absent the context provided by the Adversary Complaint itself and its additional exhibits, the Assignment of Rents establishes ECP's ownership of the rents.

41. Debtor's argument that ECP needed to attach the leases to the Claim is also unfounded. ECP's Claim to the converted rents is based on its ownership of the Assignment of Rents, not the leases themselves, and the Claim puts Debtor on notice of the amount and basis of ECP's claim to the property. See Fed R. Bankr. P. 3001; In re PCH Associates, supra. Furthermore, as the sole member and manager of Riverrock, Debtor is already in possession of the leases in question.

42. Debtor's reliance on the doctrine of merger is also misplaced. Under the Assignment of Rents, ECP was entitled to all rent payments upon default by the Judgment Debtors. The case law cited by Debtor may accurately point to a conclusion that the Judgment Debtors' obligations related to the Assignment of Rents were merged into the Judgment. For example, Debtor quotes Duane Reade, Inc. v. St. Paul Fire and Marine Ins. Co., 600 F.3d 190, 195-96 (2d Cir. 2010) at length in support of the proposition that a plaintiff's claims for issues that could have been raised in an earlier action are extinguished upon entry of a judgment. (Motion at pp. 18-19.) Debtor seemingly ignores that the only claims that are extinguished upon the entry of a judgment are those "against **the defendant** with respect to all or any part of the transaction, or series of transactions, out of which the action arose." Duane Reade, Inc, 600 F.3d at 195-96 (emphasis added). Here, ECP's Claim is not against any of the Judgment Debtors, but against Debtor, who was not a party to the Judgment.

43. Similarly, Debtor argues *res judicata* prevents ECP from making its Claim as a result of the Judgment. (Motion at pp. 19-20.) Again, Debtor's cited case law shows that *res judicata* is inapplicable in this case. In O'Brien v. City of Syracuse, 54 N.Y.2d 353, 445 N.Y.S.2d 687, 429 N.E.2d 1158 (1981), the N.Y. Court of Appeals clarified that *res judicata* applies to claims which could have been raised in the earlier litigation but were not. Here, Debtor was not a party to the earlier litigation, and a claim for conversion could not have been litigated against her.

44. Debtor cites no case law holding that a tort claim – such as a claim for conversion – can be merged into a judgment against entirely different parties. Such a holding does not exist under New York law or bankruptcy law because tortfeasors can – and should – be held liable for the torts they commit, even if a judgment has been entered against entirely different parties.

45. Debtor also attempts to argue that ECP lacks standing as the conversion claim was not assigned from Banco Popular. (Motion at pp. 12-14.) A claim for conversion accrues when the conversion or taking occurred. See, e.g., Close–Barzin v. Christie's, Inc., 51 A.D.3d 444, 857 N.Y.S.2d 545 (1st Dept.2008). As provided in the Claim, Banco Popular assigned all its right, title, and interest in the Loan Documents to ECP on September 3, 2014, and Debtor started to fail and refuse to remit collection of tenant rents at the Property to ECP in September 2014. Debtor's conversion of ECP's rightful property, the tenant rents, could not have occurred when Banco Popular demanded acceleration of liability in 2011, and it could not have accrued prior to Banco Popular's transfer of the Debt to ECP. ECP has standing to bring conversion claim against Debtor since Debtor unlawfully exerted ownership and control over ECP's rightfully owned property (the tenant rents) and placed it beyond the reach of ECP only after Banco Popular transferred its interest in the Loan Documents to ECP.

46. Debtor's allegation that ECP's claim is time barred due to the expiration of statute of limitations must fail. As a preliminary matter, the U.S. Supreme Court held in Midland Funding, LLC v. Johnson, 137 S.Ct 1407 (2017) that a creditor may pursue a time-barred claim in bankruptcy where the state's law extinguishes only a creditor's remedy for the debt, but not its right of payment for the debt. Id. at 1411-12. Here, no New York Court has interpreted C.P.L.R. § 214(3) to determine whether the creditor's right of payment is extinguished, or only the remedy of filing suit to collect the debt after expiration of the limitations period. Applying the Supreme Court's logic from Midland Funding, allowing a creditor like ECP to pursue a claim based on the Debtor's tortious conduct, even where the statute of limitations has expired, should be permitted.

47. Assuming *arguendo*, Debtor correctly asserts that the statute of limitations does apply to ECP's Claim, ECP complied with C.P.L.R. § 214(3) by filing its conversion claim against Debtor on March 20, 2017 in the context of Debtor's earlier bankruptcy case. Given that Debtor converted ECP's property starting in September 2014, ECP's filing of the conversion claim is well within the 3 years of statute of limitations for conversion, as admitted by Debtor in the Motion. (Motion at pp. 11.) Accordingly, ECP's conversion claim was timely filed well within the applicable statute of limitation.

48. Finally, Debtor's argument that the statute of limitations bars ECP's Claim also fails under the doctrine of equitable tolling (also referred to as "equitable estoppel"). A defendant is estopped to pleading the statute of limitations where plaintiff was induced by fraud, misrepresentations, or deception to refrain from filing a timely action. See Simcuski v. Saeli, 406 N.Y.S.2d 259, 262 (N.Y. 1978) (citing General Stencils, Inc. v. Chiappa, 272 N.Y.S.2d 337. (N.Y. 1966)). For the doctrine of equitable estoppel to apply, the Defendant's subsequent intentional, material misrepresentation must have prevented the plaintiff from timely filing

action. See Simcuski, 506 N.Y.S.2d at 264 (ruling in favor of plaintiff when defendant's subsequent misrepresentation after the malpractice prevented plaintiff from discover the injury until the Statute of Limitation is closed up); see also Chiappa, 272 N.Y.S.2d at 339 (ruling in favor of plaintiff who argued the doctrine of equitable estoppel should be applied because of defendant's affirmative wrongdoing and concealment).

49. Here, Debtor's initial wrongdoing was conversion of ECP's rents. ECP timely filed its conversion complaint in the first of Debtor's two bankruptcy cases. In the context of this bankruptcy case, Debtor obtained a discharge in her favor while intentionally concealing her assets. By fraudulently obtaining the discharge, Debtor prevented ECP from pursuing the conversion claim. Debtor cannot opportunistically take advantage of ECP's inability to pursue its conversion claim in light of her discharge, and later argue the statute of limitations has lapsed now that this bankruptcy case has been reopened. "The principle that a wrongdoer should not be able to take refuge behind the shield of his own wrong is a truism." Chiappa, 272 N.Y.S.2d at 339. Allowing Debtor to assert the statute of limitations against ECP would be tantamount to allowing her to "take refuge behind the shiels of [her] own wrong." Id.

50. ECP's ownership of the rents at issue in the Claim arises from the Assignment of Rents, but ECP's Claim arises from Debtor's conversion of those rents. Debtor's attempt to characterize the Claim as being based on a breach of contract is inaccurate. ECP will prove that Debtor converted the rents, and that the rents should be a part of the bankruptcy estate.

**Debtor Must File an Adversary Proceeding to Obtain Attorneys' Fees**

51. The remainder of the Motion attempts to argue that Debtor is entitled to attorneys' fees for the costs of filing the Motion. (Motion at pp. 20-21.) However, since the Motion must

be treated an objection to claim under Fed. R. Bankr. P. 3007, a claim for attorneys' fees cannot be granted.

52. Rule 3007(b) states that an objection to claim "shall not include a demand for relief of a kind specified in Rule 7001." Debtor's request for attorneys' fees is a "proceeding to recover money or other property," which requires the filing of an adversary proceeding. Debtor's entire argument regarding an award of attorneys' fees is inapposite, and the Motion must be denied.

## CONCLUSION

53. The Motion mischaracterizes ECP's Claim, and the Claim must be allowed to stand. Debtor's claim for attorneys' fees requires the filing of an adversary proceeding under Fed. R. Bankr. P. 7001(a), and the Motion must be denied in its entirety.

Dated: Baltimore, Maryland
      May 31, 2022

                                              /s/ Jeremy S. Friedberg
                                      Jeremy S. Friedberg (JF-3772), *pro hac vice*
                                      Friedberg PC
                                      10045 Red Run Boulevard, Suite 160
                                      Baltimore, Maryland 21117
                                      jeremy@friedberg.legal
                                      (410) 581-7400

                                      *Attorney for ECP Property II LLC*