1    UNITED STATES BANKRUPTCY COURT

2    EASTERN DISTRICT OF NEW YORK

3    Case No. 17-42199-ess

4    - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

5    In the Matter of:

6

7    THEMA T. NORTON,

8             Debtor.

9    - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

10   Adv. Case No. 20-01113-ess

11   - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

12   NORTON,

13                 Plaintiff,

14          v.

15   CANN et al.,

16                 Defendants.

17   - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

18   Adv. Case No. 22-01080-ess

19   - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

20   DAVID J. DOYAGA, SR., SOLELY AS CHAPTER 7 TRUSTEE,

21                 Plaintiff,

22          v.

23   JOSEPH S. NORTON,

24                 Defendants.

25   - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

1          United States Bankruptcy Court

2          271-C Cadman Plaza East

3          Brooklyn, NY 11201

4

5          May 3, 2023

6          10:57 AM

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21     B E F O R E :

22     HON ELIZABETH S. STONG

23     U.S. BANKRUPTCY JUDGE

24

25     ECRO:   UNKNOWN

1   HEARING re [148] Adjourned Motion ECPs Proof of Claim 2-2

2   Filed by Karamvir Dahiya on behalf of Thema T Norton.

3   Adjourned from 5/3/22 7/6/22 7/19/22 7/22/22 1/24/23 3/21/23

4

5   HEARING re [71] Adjourned Motion For Contempt against Thema

6   T. Norton and that the Contempt Party be fined and/or taken

7   into custody by the United States Marshal until she complies

8   with the 2004 Order and or the Contempt Order Filed by Alex

9   E. Tsionis on behalf of David J. Doyaga.

10  Adjourned from 6/29/21 7/13/21 7/27/21 9/30/21 11/23/21

11  12/3/21 1/28/22 2/25/22 4/29/22 5/3/22 7/19/22 7/22/22

12  1/24/23 3/21/23

13

14  HEARING re 20-01113-ess [1,4] Adjourned Pre-Trial Conference

15  re: Complaint

16  Adjourned from 12/08/20 12/15/20 3/2/21 5/4/21 5/7/21

17  5/21/21 7/27/21 9/30/21 11/23/21 12/3/21 1/28/22 2/25/22

18  4/29/22 7/6/22 7/19/22 7/22/22 1/24/23 3/21/23

19

20  HEARING re 20-01113-ess [20] Adjourned Motion to Dismiss

21  Adversary Proceeding Filed by Gordon S Young on behalf of

22  Nathan Cann, ECP Property II LLC, Jeremy Friedberg, Gordon

23  Young. Adjourned from 5/4/21 5/7/21 5/21/21 7/27/21 9/30/21

24  10/25/21 11/23/21 12/3/21 1/28/22 2/25/22

25  4/29/22 6/10/22 7/6/22 7/19/22 7/22/22 1/24/23 3/21/23

1    HEARING re 22-01080-ess Adjourned Pre-trial Conference re:

2    Complaint Adjourned from 12/6/22 1/24/23 3/21/23

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sonya Ledanski Hyde

```
1    A P P E A R A N C E S :

2

3    DAHIYA LAW OFFICES LLC

4         Attorneys for the Debtor

5         75 Maiden Lane, Suite 606

6         New York, NY 10038

7

8    BY:  KARAMVIR DAHIYA

9

10   LAW OFFICES OF AVRUM J. ROSEN, PLLC

11        Attorneys for the Trustee

12        38 New Street

13        Huntington, NY 11743

14

15   BY:  ALEX E. TSIONIS

16

17   FRIEDBERG PC

18        Attorneys for ECP Property II LLC

19        10045 Red Run Boulevard, Suite 160

20        Baltimore, MD 21117

21

22   BY:  JEREMY S. FRIEDBERG

23

24

25
```

1              P R O C E E D I N G S

2           CLERK:  Good afternoon to the parties, this is

3      Judge Stong's calendar for May 3rd, 2023.  Calling matters

4      one through five, Thema T. Norton 17-42199 and adversaries

5      20-1113 and 22-1080.  Appearances, Alex Tsionis, Karamvir

6      Dahiya, Jeremy Friedberg, Thema Norton, Joseph Norton and

7      Marissa Joseph.

8           THE COURT:  Thank you, and good afternoon again,

9      everyone.  We'll begin with appearances in the courtroom at

10     counsel table for the Trustee.

11          MR. TSIONIS:  Good afternoon, Your Honor, Alex

12     Tsionis, Law Offices of Avrum J. Rosen, PLLC on behalf of

13     David J. Doyaga, Sr., the Chapter 7 Trustee and the

14     Plaintiff in the adversary.

15          THE COURT:  Thank you --

16          MR. TSIONIS:  Good to see you, Your Honor.

17          THE COURT:  The same.  Good to see you here.

18          MR. DAHIYA:  Good afternoon, Judge.  Karamvir

19     Dahiya for Joseph Norton and Ms. Thema Norton.

20          THE COURT:  And of course, Ms. Norton is our

21     debtor.  I see that the Nortons are here.  You can indicate

22     just by waving, or -- thank you so much.  You'll be seen on

23     the screen appearing by video.  Mr. Friedberg.

24          MR. FRIEDBERG:  Good afternoon, Your Honor.

25     Jeremy Friedberg on behalf of ECP Property II, LLC.  Your

1    Honor, I enjoyed your program very much in Seattle.  Thank

2    you for putting it on.

3            THE COURT:  I recently attended a UBA business law

4    section meeting and spoke on actually two programs, and I

5    don't know which one you mean, but whichever one it was, I'm

6    glad you enjoyed it.  Thank you so much.

7            MR. FRIEDBERG:  The sanctions program, I learned a

8    lot.

9            THE COURT:  All right.  So, we have a number of

10   matters on the calendar today that we've carried from time

11   to time.  And I just -- I have to say this.  We have had

12   hearings in this case since forever on Zoom or on the phone,

13   and it is such a pleasure to see people in person and on the

14   screen as well, but to have the counsel most principally

15   involved with today's matters here in person reminds me how

16   very much I enjoy the presence of counsel and parties here

17   in the courtroom, and not just in the courtroom by video, by

18   phone, by whatever.  Those are Court hearings too, to be

19   sure, but there's something special that we are fortunate to

20   experience when people are in the same space.

21           So, enough of that.  We have the various -- five

22   different matters on the calendar, including a motion for

23   contempt, an evidentiary hearing on that is scheduled for

24   today, pre-trial conference in the adversary, carried

25   hearing on motion, another pre-trial conference in a

1    different adversary proceeding, that's a -- 22-1080

2    adversary proceeding is distinct from the 20-1113, but I am

3    ready to hear from the parties, wherever you'd like to

4    begin.  Mr. Tsionis, you can go first.

5                MR. TSIONIS:  Your Honor, Alex Tsionis for the

6    Trustee.  Your Honor, it's actually a pleasure to be back in

7    your courtroom and being that we're back in the courtroom I

8    have some very good news to report.  We were outside, we got

9    to conference and I'm pleased to say that we've reached a

10   settlement in principle regarding all of the Trustees and

11   the estates' claims in this case regarding the Debtor and

12   Mr. Joseph Norton and Mr. Dahiya has so authorized me to put

13   the critical terms on the record if Your Honor would like to

14   hear them.

15               THE COURT:  So, would this resolve all the matters

16   that are on the calendar today?

17               MR. TSIONIS:  It would resolve the matters with --

18   pertaining to the adversary proceeding, the motion for

19   contempt, Mr. Dahiya's claim objection against ECP and

20   virtually all matters with regards to the estate, Your

21   Honor, (indiscernible).

22               THE COURT:  So, the state -- the estate could go

23   forward and the Nortons could go forward as well with this

24   behind them?

25               MR. TSIONIS:  That is correct, Your Honor.

1           THE COURT:  And ECP as well?

2           MR. TSIONIS:  Everyone could move on, with respect

3  to the bankruptcy.  That is correct.

4           THE COURT:  What terrific news.  Mr. Dahiya, can

5  you confirm in general what Mr. Tsionis is saying?

6           MR. DAHIYA:  Yes.  Yes, Your Honor.  Good to be

7  back, Your Honor.  Thank you.  Yes, we settled and...

8           THE COURT:  Well done.

9           MR. DAHIYA:  So, it's better to flame once than to

10  smoke forever.  So...

11           THE COURT:  It's good to be -- it's good to solve

12  problems.  This is a problem-solving Court.

13           MR. DAHIYA:  This is what I was mindful of.  Your

14  admonishments always, Your Honor, you always suggested --

15           THE COURT:  Encouragement's not admonishment, but

16  yes.

17           MR. DAHIYA:  There's no -- There's no winner or

18  losers, but it's always good to - because --

19           THE COURT:  I like to think, and I sometimes say

20  both here and elsewhere that this is one of the few

21  Courthouses, Court rooms, or legal systems where you can

22  have winners without having losers.

23           MR. DAHIYA:  Yes.

24           THE COURT:  That's a really special thing,

25  actually.

1          MR. DAHIYA:  And Marissa Joseph also, Your Honor,

2     she was instrumental in bringing about this settlement, so

3     she's here.

4          THE COURT:  Ms. Joseph, come up and get your

5     appearance on the record, please.  I know you're not here in

6     quite the same capacity as the lawyers who are representing

7     clients, but I'm willing to say it again, it's such a

8     pleasure to see everyone, including you, Ms. Joseph, so if

9     you could get your appearance on the record, please.

10         MS. JOSEPH:  Marissa Joseph, Your Honor.

11         THE COURT:  And I think that's hopefully close

12    enough to a microphone that it picked up on the record.  Mr.

13    Friedberg, are you generally aware of the circumstances that

14    are being described here in the Courtroom?

15         MR. FRIEDBERG:  I am not, Your Honor, and I was

16    having trouble with hearing --

17         THE COURT:  All right.

18         MR. FRIEDBERG:  -- what the terms of settlement

19    were.

20         THE COURT:  All right, so Mr. Tsionis, back to

21    you.

22         MR. TSIONIS:  Thank you, Your Honor.  With Mr.

23    Dahiya's permission, the terms of settlement are as follows.

24    $100,000 to settle the  contempt motion, to settle the

25    adversary proceeding, to settle everything that's actually

1    going on in the bankruptcy case to settle.

2              THE COURT:  From who to who?

3              MR. TSIONIS:  From Ms. Joseph -- from Mr. Joseph -

4    - excuse me, for Mr. Norton and Mrs. Norton, the Debtor.

5              THE COURT:  Yes, Joseph Norton and Marissa Joseph,

6    let's keep a clear record.

7              MR. TSIONIS:  Yes, yes, Your Honor.

8              THE COURT:  Ms. Joseph...

9              MR. TSIONIS:  With $20,000 to be paid upon the

10   execution of the settlement agreement with a remaining

11   balance of $80,000 to be paid within 90 days, time being of

12   the essence.  We are, actually trying to work out -- there

13   may be a possibility where they could pay the entire

14   $100,000 to the Trustee simultaneously with the execution of

15   the settlement agreement, so we're trying to figure that

16   out.  But worst comes to worst, it's 20 upfront and 80

17   within 90 days, time being of the essence.  In the event of

18   a default, the debtor and Mr. Norton agree to a confession

19   of judgment of $500,000 and Mr. Dahiya is going to drop the

20   claims against ECP in this bankruptcy case, specifically the

21   claim objection, and I think there's also still a pending

22   adversary proceeding that I forgot about.

23             MR. DAHIYA:  Adversary's something separate I --

24   what -- there's a adversary that is a different -- we didn't

25   talk to that.

1          MR. TSIONIS:  For peace.  We can work -- we're

2    doing peace.

3          THE COURT:  So, as I see on the record, we have --

4          MR. TSIONIS:  I visualize adversary will be

5    peace...

6          THE COURT:  Let me summarize what I see in the

7    record, separately of course is whatever the parties will

8    discuss or present to the Court.  In 17-42199, we have some

9    motions, including a motion of -- we have a motion that's

10   number 148 in the docket, number one on today's calendar,

11   the claim objection directed to the proof of claim.

12         Number two on the calendar, number 71 on the

13   docket of the bankruptcy case and contempt motion, the --

14   number three in today's calendar and to my knowledge, those

15   are all the pending motions, I'm going to ask my colleagues

16   with access to the docket to check.  Those are the only

17   pending motions in the bankruptcy case, and those are --

18   appear to be within the scope of the proposed settlement.

19         Let me continue.  Next, I see 20-01113, Norton v.

20   Cann.  This is pre-trial conference that we've carried from

21   time to time in connection with that adversary proceeding

22   and in 20-1113, also a motion to dismiss, some of which has

23   been granted, some of which has been carried, and I take it

24   that the proposed settlement would also lead to the

25   dismissal -- it would also bring to an end that adversary

1    proceeding, 20-01113, and then 22-0180, this is the

2    Trustee's adversary proceeding against Mr. Norton, and this

3    would similarly be brought to closure.

4            I'm not aware, but I mean that technically as I

5    sit here, I am not aware, but I'm going to become aware if

6    there are any other pending open adversary proceedings,

7    there's also a motion to quash filed fairly recently in the

8    bankruptcy case, but no other adversary proceedings on this

9    Court's docket, to my knowledge.  Ms. Jackson, is that

10   correct?  So far as you see?  All right.  So, we are

11   addressing two adversaries and a bankruptcy case.  Mr.

12   Dahiya, is that consistent with your understanding of the

13   record?

14           MR. DAHIYA:  Yes, I just -- I was surprised.  I

15   did not know about it.  I thought my adversary proceeding

16   against Mr. Friedberg's client, ECP was a distant thing.

17   But, as Mr. Tsiones says, peace, peace in everything.  Let

18   it go.

19           THE COURT:  And I don't know if it's an adversary

20   proceeding or a motion that the claim objection that you are

21   having in mind as an adversary proceeding --

22           MR. DAHIYA:  I initially thought it was claim

23   objection, but now they're saying -- Ms. Joseph is saying

24   everything -- Mr. Friedberg also would be in peace about his

25   client --

1          THE COURT:  That -- oh, yes, I'm sorry.  This is

2     in Norton v. Cann et al.  Yes, I think that is the goal.

3     I'm going to give the parties a moment or two to confer not

4     on the record.  You sure?  Sure makes sense to me.  Done

5     means done.

6          MR. DAHIYA:  Yes, Your Honor, you've rightly said.

7          THE COURT:  But --

8          MR. DAHIYA:  Let these issues be – is -- the

9     adversary is moot -- my adversary's moot and was settled.

10    Complete.

11         THE COURT:  Is there a discharge in these cases?

12         MR. TSIONIS:  There was a discharge Your Honor,

13    yes.

14         THE COURT:  Is it -- so, there's a discharge,

15    that's --

16         MR. TSIONIS:  There was a discharge --

17         MR. DAHIYA:  No, it was a discharge --

18         THE COURT:  Just checking.  All right, so back to

19    you, Mr. Tsionis.

20         MR. TSIONIS:  Thank you, Your Honor.  So again,

21    just to summarize what Your Honor said and what the parties

22    discussed for settling the motion for contempt, for settling

23    the Trustee's adversary proceeding, for settling Mr.

24    Dahiya's claim objection against the ECP, right?

25         THE COURT:  The parties are settling, right?

1    That's a big we, not a royal we.

2              MR. TSIONIS:  Right, he's with --

3              THE COURT:  Got it.

4              MR. TSIONIS:  But Mr. Dahiya will be withdrawing -

5    -

6              MR. DAHIYA:  I was doing the Trustee's job, Your

7    Honor.  That's what -- their job --

8              THE COURT:  Mr. Dahiya.  Mr. Dahiya, you'll have

9    your opportunity.  I'm familiar with that argument, you've

10   made it from time to time.  Back to you, Mr. Tsionis.

11             MR. TSIONIS:  Where -- Mr. Dahiya will be

12   dismissing the adversary proceeding against ECP with

13   prejudice, and the Trustee will be dismissing the adversary

14   proceeding against Mr. Norton with prejudice.  There will be

15   a confession of judgement and the sum of $500,000 to be

16   signed by the Debtor and Mr. Norton, and the Debtor, Mr.

17   Norton, shall pay to the estate the sum of $100,000, $20,000

18   due upon execution, with the remaining balance of $80,000 to

19   be paid within 90 days, time being of the essence, and

20   again, they're actually contemplating seeing if they can

21   provide the full $100,000 upfront.

22             THE COURT:  If so, is there a small discount for

23   prompt payment?

24             MR. TSIONIS:  That is -- Your Honor, that is the

25   discount.  That is the discount, Your Honor, and --

1          THE COURT:  Mm.  No, but for a prompt payment.

2          MR. TSIONIS:  I --

3          THE COURT:  But understood.  You have a number.

4          MR. TSIONIS:  And our number was a lot --

5          THE COURT:  You have a number and your

6    negotiations are for you.

7          MR. TSIONIS:  And I applaud the parties for

8    actually being here today and actually trying to settle

9    this, because as of -- the parties have been trying to

10   settle this from time to time, Your Honor.  So, and that's

11   the settlement, Your Honor, and other than that, we were

12   ready to go today with the evidentiary hearing.

13         THE COURT:  It's clear everyone was ready to go.

14   I was ready to go.  I was revealing the two pre-hearing

15   statements this week, and with my colleagues who are

16   similarly ready to take notes and help me make a good and

17   wise and appropriate decision.  But I'll -- the even better

18   and wiser decision is to say, this sounds terrific to me.

19   I'm interested to know what the procedural steps are that

20   are required to bring this all together.

21         It seems to me you're talking about some

22   stipulations and maybe a motion to approve a settlement.  I

23   don't know, but have you talked through that, or is that

24   something that you need a moment or two to address?  What do

25   you think?

1          MR. TSIONIS:  Thank you, Your Honor, Alex Tsionis

2     for the Trustee.  Actually, yes, we have discussed this

3     briefly outside, Your Honor.  The next step here would be

4     for the Trustee -- we would ask first that the Court carry

5     everything.

6          THE COURT:  Sure, yes.

7          MR. TSIONIS:  The next step would be for the

8     Trustee to draft the settlement agreement, which I will do

9     so, hopefully promptly.  Get it signed up and bring on a

10    (indiscernible) motion before Your Honor.

11         THE COURT:  And that would be in the bankruptcy

12    case?

13         MR. TSIONIS:  And that would be in the bankruptcy

14    case.  And also, in the adversary proceeding of the Trustee.

15         THE COURT:  That makes sense, yes.  So, Mr.

16    Dahiya, can you confirm?

17         MR. DAHIYA:  Yes, that --

18         THE COURT:  Approximate time frame?

19         MR. TSIONIS:  I hope to have a settlement

20    agreement to Mr. Dahiya by next week.  I'm before Your Honor

21    again tomorrow in a separate matter in person, so I hope to

22    have a settlement agreement --

23         THE COURT:  Getting used to it.  I love it.

24         MR. TSIONIS:  Yes.

25         THE COURT:  Thank you.

1          MR. TSIONIS:  And I -- hopefully I'll have a

2    settlement agreement to Mr. Dahiya by next week and we can

3    have this signed up by next week or shortly thereafter and

4    have a 9018 up right after that, Your Honor.  File the 9019

5    right after that, Your Honor.  Thank you.

6          THE COURT:  So, Mr. Friedberg, does that all work

7    for you?  Anything to add?

8          MR. FRIEDBERG:  It sounds like the only thing

9    that's being asked of ECP is to agree to the settlement in

10   the case in chief, and that -- agree to the dismissal of the

11   adversary against ECP.  If that's all that we're being asked

12   to do, we consent.

13         THE COURT:  Okay.

14         MR. TSIONIS:  Great.

15         MR. FRIEDBERG:  I just – I'm privy to the details

16   of -- you know, the intimate details of the agreement.

17         THE COURT:  Right.  Ms. Joseph, anything to add?

18         MS. JOSEPH:  No, Your Honor.

19         MR. TSIONIS:  I would like to add one more thing.

20         THE COURT:  Ms. Norton?  Mr. Norton?  Can you

21   confirm that this is the settlement that you've agreed to,

22   and that it's acceptable to you?

23         MR. NORTON:  Yes, yes, Your Honor.

24         THE COURT:  All right, Mr. Norton says yes, Your

25   Honor.  And Ms. Norton, same question?

 1          MS. NORTON:  Yes, Your Honor.

 2          THE COURT:  Excellent, Ms. Norton agrees, yes,

 3    Your Honor.  I'm repeating only because you don't have a

 4    microphone so close.

 5          All right.  Mr. Tsionis, back to you.  I will then

 6    -- at some point soon I will summarize the various matters

 7    on the docket and how I propose to note all this on the

 8    docket.  It sounds like you would be able to file the 9019

 9    motion by two weeks from today.  Does that work?

10          MR. TSIONIS:  That's my hope, Your Honor.

11          THE COURT:  So, today is the 3rd.  Two weeks from

12    today is the 17th.  Say the 19th, the end of that week?  By

13    May 19th?  Mr. Dahiya, are you reachable around?  Able to

14    review that --

15          MR. DAHIYA:  Your Honor, what dates did he say?

16          THE COURT:  This is to file -- file the 9019

17    motion, and --

18          MR. DAHIYA:  That's fine.

19          THE COURT:  -- two weeks from Friday.  Is that

20    what you need -- you need an agreement, and you need a

21    motion, which I think should be probably unremarkable,

22    pretty straightforward, and just get them on file, I want to

23    know when we should expect to see it on a docket.  May 19th.

24    And we'll come up with a continued hearing date, holding

25    date for all these things, that can be the return date for

1    that if it's filed then.  I -- early July?  Work for you?

2              MR. TSIONIS:  That works for the Trustee, Your

3    Honor.

4              THE COURT:  Okay.

5              MR. DAHIYA:  That's for the return date of the

6    motion?

7              MR. TSIONIS:  Of the 9019.

8              THE COURT:  Yeah.

9              MR. DAHIYA:  Thank you, Your Honor.

10             THE COURT:  All right.  Shall we say July 6th at

11   2:00?  I don't think this will be long.  You're always

12   welcome to come in person, but it might make more sense to

13   do this by video, but -- July 6th at 2:00, Ms. Jackson?  Ms.

14   Jackson says yes.  July 6th at 2:00.  All right, so here's

15   how I would propose to mark the calendar.  As for the first

16   matter, which is the objection to proof of claim, I would

17   mark it settled.

18             Trustee to file rule 9019 motion by May 19th,

19   2023.  Now, Trustee's technically, I suppose, not a named

20   movant or subject of that motion, but as Mr. Dahiya has

21   noted from time to time, it is in general within the purview

22   of a Trustee to have an awareness of claims and claim

23   objections and so, rather than have multiple motions or

24   things, I would just make that notation as to that.  And

25   then I would turn to the carried hearing and the motion for

1    contempt and make the same notation.

2              Settled.  Trustee to file rule 19 -- 9019 motion

3    by May 19th, as reflected in the record of today's hearing.

4    And I think the same as to the pre-trial conference in

5    Norton v. Cann, (indiscernible).  And I think, you know

6    these are, again -- the Trustee's not a party, so we have to

7    somehow be sure that there's an appropriate context for that

8    motion, but I'm not concerned.

9              I'm sure you can arrive at a way to address that

10   that doesn't add administrative burden or expense.  The

11   motion to dismiss, same thing.  Settled.  And then Doyaga v.

12   Norton, same thing, settled.  The only wrinkle, and the

13   really good lawyers here who can think this through, but

14   this is the Trustee making a 9019 motion in an adversary

15   proceeding between a debtor and a creditor.

16             I don't think the Trustee is a main party, but you

17   can do a stipulation as well.  I mean, this could be

18   pursuant to the terms of the agreement, something like that.

19   So, I'm going to leave this like this for now.  And I --

20   what else can we do today to...

21             MR. FRIEDBERG:  Thank you.

22             MR. TSIONIS:  Your Honor, I believe that resolves

23   everything.  That addresses everything and I'd like to thank

24   Mr. Dahiya, Ms. Joseph and the Nortons and Mr. Friedberg and

25   the Court.  I think that pretty much sums it up, Your Honor.

1          THE COURT:  I'm so pleased for all of you.  You so

2  deserve to have this behind you.  It's a great result.  We

3  do have that carried motion to quash.  We'll just adjourn it

4  to that same date, and if -- can we do that without a

5  letter?  Can we take a request?  (indiscernible).

6          MR. TSIONIS:  Yeah, let's close them together

7  here.  That's to be withdrawn.  That's all done.

8          THE COURT:  Okay, so anything that saves even

9  having to file a letter.  Motion quash is in the bankruptcy.

10          MR. DAHIYA:  Your Honor -- it's an oral motion for

11  Your Honor, kindly if you could withdraw the --

12          THE COURT:  There's one thing I -- Let me get the

13  quote.  On the motion to quash?

14          MR. DAHIYA:  The motion to quash be withdrawn,

15  Your Honor.

16          THE COURT:  And that's in the bankruptcy case?

17          MR. DAHIYA:  That's correct.

18          THE COURT:  Motion to quash (indiscernible)...

19          MR. DAHIYA:   And that means you going to withdraw

20  your subpoenas also.

21          THE COURT:  Not prejudiced of course, but –

22          MR. DAHIYA:   Yeah.

23          THE COURT:  Okay, write out the word withdrawn.

24  Okay, good.  Nice.  So, that'll take care of that.  Ms.

25  Jackson, you can link it appropriately?

1          CLERK:  Yes.

2          THE COURT:  What else can we do today to help move

3   this forward in the most expeditious way possible for the

4   parties?  Hearing nothing, I'm just going to say thank you

5   again.

6          MR. TSIONIS:  Well, that's it.  Thank you, Your

7   Honor.

8          THE COURT:  So, motion to quash withdrawn.  That's

9   going to be so ordered.  Doing my housekeeping.  Excellent.

10  Mr. Friedberg, thank you very much.  With your permission, I

11  may step down and actually thank in person the counsel here,

12  but since I can't do that with you, I'm air shaking your

13  hand.

14         MR. FRIEDBERG:  Thank you, Your Honor.

15         THE COURT:  And thanking you for your role in the

16  case and your great efforts in the case, and what a -- what

17  a good day for everyone.  Thank you so much.

18         MR. FRIEDBERG:  Thanks, Your Honor.

19         CLERK:  All rise.  I'll stop the recording.

20         (Whereupon these proceedings were concluded at

21  12:47 PM)

22

23

24

25

1                              I N D E X

2

3                              RULINGS

4                                              Page        Line

5     Motion to Quash, WITHDRAWN               23          8

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                C E R T I F I C A T I O N

2

3        I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5

6    *[signature: Sonya M. Ledanski Hyde]*

7

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  May 25, 2023

| 1 |
|---|

**1,4** 3:14
**1/24/23** 3:3,12
  3:18,25 4:2
**1/28/22** 3:11,17
  3:24
**10/25/21** 3:24
**100,000** 10:24
  11:14 15:17,21
**10038** 5:6
**10045** 5:19
**10:57** 2:6
**11/23/21** 3:10
  3:17,24
**11201** 2:3
**11501** 25:23
**11743** 5:13
**12/08/20** 3:16
**12/15/20** 3:16
**12/3/21** 3:11,17
  3:24
**12/6/22** 4:2
**12151** 25:6
**12:47** 23:21
**148** 3:1 12:10
**160** 5:19
**17-42199** 1:3
  6:4 12:8
**17th** 19:12
**19** 21:2
**19th** 19:12,13
  19:23 20:18
  21:3

| 2 |
|---|

**2-2** 3:1

| 2/25/22 | 3:11,17 |
|---|---|

**2/25/22** 3:11,17
  3:24
**20** 3:20 11:16
**20,000** 11:9
  15:17
**20-01113** 1:10
  3:14,20 12:19
  13:1
**20-1113** 6:5 8:2
  12:22
**2004** 3:8
**2023** 2:5 6:3
  20:19 25:25
**21117** 5:20
**22-01080** 1:18
  4:1
**22-0180** 13:1
**22-1080** 6:5 8:1
**23** 24:5
**25** 25:25
**271** 2:2
**2:00** 20:11,13
  20:14

| 3 |
|---|

**3** 2:5
**3/2/21** 3:16
**3/21/23** 3:3,12
  3:18,25 4:2
**300** 25:22
**330** 25:21
**38** 5:12
**3rd** 6:3 19:11

| 4 |
|---|

**4/29/22** 3:11,18
  3:25

| 5 |
|---|

**5/21/21** 3:17,23
**5/3/22** 3:3,11
**5/4/21** 3:16,23
**5/7/21** 3:16,23
**500,000** 11:19
  15:15

| 6 |
|---|

**6/10/22** 3:25
**6/29/21** 3:10
**606** 5:5
**6th** 20:10,13,14

| 7 |
|---|

**7** 1:20 6:13
**7/13/21** 3:10
**7/19/22** 3:3,11
  3:18,25
**7/22/22** 3:3,11
  3:18,25
**7/27/21** 3:10,17
  3:23
**7/6/22** 3:3,18
  3:25
**71** 3:5 12:12
**75** 5:5

| 8 |
|---|

**8** 24:5
**80** 11:16
**80,000** 11:11
  15:18

| 9 |
|---|

**9/30/21** 3:10,17
  3:23
**90** 11:11,17
  15:19

**9018** 18:4
**9019** 18:4 19:8
  19:16 20:7,18
  21:2,14

| a |
|---|

**able** 19:8,13
**acceptable**
  18:22
**access** 12:16
**accurate** 25:4
**actually** 7:4
  8:6 9:25 10:25
  11:12 15:20
  16:8,8 17:2
  23:11
**add** 18:7,17,19
  21:10
**address** 16:24
  21:9
**addresses**
  21:23
**addressing**
  13:11
**adjourn** 22:3
**adjourned** 3:1
  3:3,5,10,14,16
  3:20,23 4:1,2
**administrative**
  21:10
**admonishment**
  9:15
**admonishme...**
  9:14
**adv** 1:10,18
**adversaries** 6:4
  13:11

adversary 3:21
  6:14 7:24 8:1,2
  8:18 10:25
  11:22,24 12:4
  12:21,25 13:2
  13:6,8,15,19
  13:21 14:9,23
  15:12,13 17:14
  18:11 21:14
adversary's
  11:23 14:9
afternoon 6:2
  6:8,11,18,24
agree 11:18
  18:9,10
agreed 18:21
agreement
  11:10,15 17:8
  17:20,22 18:2
  18:16 19:20
  21:18
agrees 19:2
air 23:12
al 1:15 14:2
alex 3:8 5:15
  6:5,11 8:5 17:1
appear 12:18
appearance
  10:5,9
appearances
  6:5,9
appearing 6:23
applaud 16:7
appropriate
  16:17 21:7
appropriately
  22:25

approve 16:22
approximate
  17:18
argument 15:9
arrive 21:9
asked 18:9,11
attended 7:3
attorneys 5:4
  5:11,18
authorized
  8:12
avrum 5:10
  6:12
aware 10:13
  13:4,5,5
awareness
  20:22

**b**

b 2:21
back 8:6,7 9:7
  10:20 14:18
  15:10 19:5
balance 11:11
  15:18
baltimore 5:20
bankruptcy
  1:1 2:1,23 9:3
  11:1,20 12:13
  12:17 13:8,11
  17:11,13 22:9
  22:16
behalf 3:2,9,21
  6:12,25
believe 21:22
better 9:9
  16:17

big 15:1
boulevard 5:19
briefly 17:3
bring 12:25
  16:20 17:9
bringing 10:2
brooklyn 2:3
brought 13:3
burden 21:10
business 7:3

**c**

c 2:2 5:1 6:1
  25:1,1
cadman 2:2
calendar 6:3
  7:10,22 8:16
  12:10,12,14
  20:15
calling 6:3
cann 1:15 3:22
  12:20 14:2
  21:5
capacity 10:6
care 22:24
carried 7:10,24
  12:20,23 20:25
  22:3
carry 17:4
case 1:3,10,18
  7:12 8:11 11:1
  11:20 12:13,17
  13:8,11 17:12
  17:14 18:10
  22:16 23:16,16
cases 14:11
certified 25:3

chapter 1:20
  6:13
check 12:16
checking 14:18
chief 18:10
circumstances
  10:13
claim 3:1 8:19
  11:21 12:11,11
  13:20,22 14:24
  20:16,22
claims 8:11
  11:20 20:22
clear 11:6
  16:13
clerk 6:2 23:1
  23:19
client 13:16,25
clients 10:7
close 10:11
  19:4 22:6
closure 13:3
colleagues
  12:15 16:15
come 10:4
  19:24 20:12
comes 11:16
complaint 3:15
  4:2
complete 14:10
complies 3:7
concerned 21:8
concluded
  23:20
confer 14:3
conference
  3:14 4:1 7:24

7:25 8:9 12:20
21:4
**confession**
11:18 15:15
**confirm** 9:5
17:16 18:21
**connection**
12:21
**consent** 18:12
**consistent**
13:12
**contemplating**
15:20
**contempt** 3:5,6
3:8 7:23 8:19
10:24 12:13
14:22 21:1
**context** 21:7
**continue** 12:19
**continued**
19:24
**correct** 8:25
9:3 13:10
22:17
**counsel** 6:10
7:14,16 23:11
**country** 25:21
**course** 6:20
12:7 22:21
**court** 1:1 2:1
6:8,15,17,20
7:3,9,18 8:15
8:22 9:1,4,8,11
9:12,15,19,21
9:24 10:4,11
10:17,20 11:2
11:5,8 12:3,6,8

13:19 14:1,7
14:11,14,18,25
15:3,8,22 16:1
16:3,5,13 17:4
17:6,11,15,18
17:23,25 18:6
18:13,17,20,24
19:2,11,16,19
20:4,8,10
21:25 22:1,8
22:12,16,18,21
22:23 23:2,8
23:15
**court's** 13:9
**courthouses**
9:21
**courtroom** 6:9
7:17,17 8:7,7
10:14
**creditor** 21:15
**critical** 8:13
**custody** 3:7

**d**

**d** 6:1 24:1
**dahiya** 3:2 5:3
5:8 6:6,18,19
8:12 9:4,6,9,13
9:17,23 10:1
11:19,23 13:12
13:14,22 14:6
14:8,17 15:4,6
15:8,8,11
17:16,17,20
18:2 19:13,15
19:18 20:5,9
20:20 21:24
22:10,14,17,19

22:22
**dahiya's** 8:19
10:23 14:24
**date** 19:24,25
19:25 20:5
22:4 25:25
**dates** 19:15
**david** 1:20 3:9
6:13
**day** 23:17
**days** 11:11,17
15:19
**debtor** 1:8 5:4
6:21 8:11 11:4
11:18 15:16,16
21:15
**decision** 16:17
16:18
**default** 11:18
**defendants**
1:16,24
**described**
10:14
**deserve** 22:2
**details** 18:15
18:16
**different** 7:22
8:1 11:24
**directed** 12:11
**discharge**
14:11,12,14,16
14:17
**discount** 15:22
15:25,25
**discuss** 12:8
**discussed**
14:22 17:2

**dismiss** 3:20
12:22 21:11
**dismissal** 12:25
18:10
**dismissing**
15:12,13
**distant** 13:16
**distinct** 8:2
**district** 1:2
**docket** 12:10
12:13,16 13:9
19:7,8,23
**doing** 12:2
15:6 23:9
**doyaga** 1:20
3:9 6:13 21:11
**draft** 17:8
**drop** 11:19
**due** 15:18

**e**

**e** 2:21,21 3:9
5:1,1,15 6:1,1
24:1 25:1
**early** 20:1
**east** 2:2
**eastern** 1:2
**ecp** 3:22 5:18
6:25 8:19 9:1
11:20 13:16
14:24 15:12
18:9,11
**ecps** 3:1
**ecro** 2:25
**efforts** 23:16
**elizabeth** 2:22
**encouragem...**
9:15

| | | | |
|---|---|---|---|
| **enjoy** 7:16 | **fine** 19:18 | 16:14 | 16:10,11 17:1 |
| **enjoyed** 7:1,6 | **fined** 3:6 | **goal** 14:2 | 17:3,10,20 |
| **entire** 11:13 | **first** 8:4 17:4 | **going** 11:1,19 | 18:4,5,18,23 |
| **ess** 1:3,10,18 | 20:15 | 12:15 13:5 | 18:25 19:1,3 |
| 3:14,20 4:1 | **five** 6:4 7:21 | 14:3 21:19 | 19:10,15 20:3 |
| **essence** 11:12 | **flame** 9:9 | 22:19 23:4,9 | 20:9 21:22,25 |
| 11:17 15:19 | **follows** 10:23 | **good** 6:2,8,11 | 22:10,11,15 |
| **estate** 8:20,22 | **foregoing** 25:3 | 6:16,17,18,24 | 23:7,14,18 |
| 15:17 | **forever** 7:12 | 8:8 9:6,11,11 | **hope** 17:19,21 |
| **estates** 8:11 | 9:10 | 9:18 16:16 | 19:10 |
| **et** 1:15 14:2 | **forgot** 11:22 | 21:13 22:24 | **hopefully** |
| **event** 11:17 | **fortunate** 7:19 | 23:17 | 10:11 17:9 |
| **evidentiary** | **forward** 8:23 | **gordon** 3:21,22 | 18:1 |
| 7:23 16:12 | 8:23 23:3 | **granted** 12:23 | **housekeeping** |
| **excellent** 19:2 | **frame** 17:18 | **great** 18:14 | 23:9 |
| 23:9 | **friday** 19:19 | 22:2 23:16 | **huntington** |
| **excuse** 11:4 | **friedberg** 3:22 | | 5:13 |
| **execution** | 5:17,22 6:6,23 | **h** | **hyde** 4:25 25:3 |
| 11:10,14 15:18 | 6:24,25 7:7 | | 25:8 |
| **expect** 19:23 | 10:13,15,18 | **hand** 23:13 | |
| **expeditious** | 13:24 18:6,8 | **hear** 8:3,14 | **i** |
| 23:3 | 18:15 21:21,24 | **hearing** 3:1,5 | |
| **expense** 21:10 | 23:10,14,18 | 3:14,20 4:1 | **ii** 3:22 5:18 |
| **experience** | **friedberg's** | 7:23,25 10:16 | 6:25 |
| 7:20 | 13:16 | 16:12,14 19:24 | **including** 7:22 |
| | **full** 15:21 | 20:25 21:3 | 10:8 12:9 |
| **f** | | 23:4 | **indicate** 6:21 |
| | **g** | **hearings** 7:12 | **indiscernible** |
| **f** 2:21 25:1 | | 7:18 | 8:21 17:10 |
| **fairly** 13:7 | **g** 6:1 | **help** 16:16 23:2 | 21:5 22:5,18 |
| **familiar** 15:9 | **general** 9:5 | **holding** 19:24 | **initially** 13:22 |
| **far** 13:10 | 20:21 | **hon** 2:22 | **instrumental** |
| **figure** 11:15 | **generally** | **honor** 6:11,16 | 10:2 |
| **file** 18:4 19:8 | 10:13 | 6:24 7:1 8:5,6 | **interested** |
| 19:16,16,22 | **getting** 17:23 | 8:13,21,25 9:6 | 16:19 |
| 20:18 21:2 | **give** 14:3 | 9:7,14 10:1,10 | **intimate** 18:16 |
| 22:9 | **glad** 7:6 | 10:15,22 11:7 | **involved** 7:15 |
| **filed** 3:2,8,21 | **go** 8:4,22,23 | 14:6,12,20,21 | **issues** 14:8 |
| 13:7 20:1 | 13:18 16:12,13 | 15:7,24,25 | |

| j | l | | |
|---|---|---|---|
| **j** 1:20 3:9 5:10 6:12,13 | **lane** 5:5 | **matter** 1:5 17:21 20:16 | **move** 9:2 23:2 |
| **jackson** 13:9 20:13,14 22:25 | **law** 5:3,10 6:12 7:3 | **matters** 6:3 7:10,15,22 8:15,17,20 19:6 | **multiple** 20:23 |
| **jeremy** 3:22 5:22 6:6,25 | **lawyers** 10:6 21:13 | **md** 5:20 | **n** |
| **job** 15:6,7 | **lead** 12:24 | **mean** 7:5 13:4 21:17 | **n** 5:1 6:1 24:1 25:1 |
| **joseph** 1:23 6:6 6:7,19 8:12 10:1,4,8,10,10 11:3,3,5,5,8 13:23 18:17,18 21:24 | **learned** 7:7 | **means** 14:5 22:19 | **named** 20:19 |
| **judge** 2:23 6:3 6:18 | **leave** 21:19 | **meeting** 7:4 | **nathan** 3:22 |
| **judgement** 15:15 | **ledanski** 4:25 25:3,8 | **microphone** 10:12 19:4 | **need** 16:24 19:20,20,20 |
| **judgment** 11:19 | **legal** 9:21 25:20 | **mind** 13:21 | **negotiations** 16:6 |
| **july** 20:1,10,13 20:14 | **letter** 22:5,9 | **mindful** 9:13 | **new** 1:2 5:6,12 |
| **k** | **line** 24:4 | **mineola** 25:23 | **news** 8:8 9:4 |
| **karamvir** 3:2 5:8 6:5,18 | **link** 22:25 | **mm** 16:1 | **nice** 22:24 |
| **keep** 11:6 | **llc** 3:22 5:3,18 6:25 | **moment** 14:3 16:24 | **norton** 1:7,12 1:23 3:2,6 6:4 6:6,6,19,19,20 8:12 11:4,4,5 11:18 12:19 13:2 14:2 15:14,16,17 18:20,20,23,24 18:25 19:1,2 21:5,12 |
| **kindly** 22:11 | **long** 20:11 | **moot** 14:9,9 | |
| **know** 7:5 10:5 13:15,19 16:19 16:23 18:16 19:23 21:5 | **losers** 9:18,22 | **motion** 3:1,5 3:20 7:22,25 8:18 10:24 12:9,9,13,22 13:7,20 14:22 16:22 17:10 19:9,17,21 20:6,18,20,25 21:2,8,11,14 22:3,9,10,13 22:14,18 23:8 24:5 | |
| **knowledge** 12:14 13:9 | **lot** 7:8 16:4 | | **nortons** 6:21 8:23 21:24 |
| | **love** 17:23 | | **notation** 20:24 21:1 |
| | **m** | **motions** 12:9 12:15,17 20:23 | **note** 19:7 |
| | **made** 15:10 | **movant** 20:20 | **noted** 20:21 |
| | **maiden** 5:5 | | **notes** 16:16 |
| | **main** 21:16 | | **number** 7:9 12:10,10,12,12 12:14 16:3,4,5 |
| | **make** 16:16 20:12,24 21:1 | | **ny** 2:3 5:6,13 25:23 |
| | **makes** 14:4 17:15 | | |
| | **making** 21:14 | | |
| | **marissa** 6:7 10:1,10 11:5 | | |
| | **mark** 20:15,17 | | |
| | **marshal** 3:7 | | |

| o | | | |
|---|---|---|---|

**o**

**o** 2:21 6:1 25:1
**objection** 8:19
  11:21 12:11
  13:20,23 14:24
  20:16
**objections**
  20:23
**offices** 5:3,10
  6:12
**oh** 14:1
**okay** 18:13
  20:4 22:8,23
  22:24
**old** 25:21
**once** 9:9
**open** 13:6
**opportunity**
  15:9
**oral** 22:10
**order** 3:8,8
**ordered** 23:9
**outside** 8:8
  17:3

**p**

**p** 5:1,1 6:1
**page** 24:4
**paid** 11:9,11
  15:19
**parties** 6:2
  7:16 8:3 12:7
  14:3,21,25
  16:7,9 23:4
**party** 3:6 21:6
  21:16

**pay** 11:13
  15:17
**payment** 15:23
  16:1
**pc** 5:17
**peace** 12:1,2,5
  13:17,17,24
**pending** 11:21
  12:15,17 13:6
**people** 7:13,20
**permission**
  10:23 23:10
**person** 7:13,15
  17:21 20:12
  23:11
**pertaining**
  8:18
**phone** 7:12,18
**picked** 10:12
**plaintiff** 1:13
  1:21 6:14
**plaza** 2:2
**please** 10:5,9
**pleased** 8:9
  22:1
**pleasure** 7:13
  8:6 10:8
**pllc** 5:10 6:12
**pm** 23:21
**point** 19:6
**possibility**
  11:13
**possible** 23:3
**pre** 3:14 4:1
  7:24,25 12:20
  16:14 21:4

**prejudice**
  15:13,14
**prejudiced**
  22:21
**presence** 7:16
**present** 12:8
**pretty** 19:22
  21:25
**principally**
  7:14
**principle** 8:10
**privy** 18:15
**probably** 19:21
**problem** 9:12
**problems** 9:12
**procedural**
  16:19
**proceeding**
  3:21 8:1,2,18
  10:25 11:22
  12:21 13:1,2
  13:15,20,21
  14:23 15:12,14
  17:14 21:15
**proceedings**
  13:6,8 23:20
  25:4
**program** 7:1,7
**programs** 7:4
**prompt** 15:23
  16:1
**promptly** 17:9
**proof** 3:1 12:11
  20:16
**property** 3:22
  5:18 6:25

**propose** 19:7
  20:15
**proposed**
  12:18,24
**provide** 15:21
**pursuant** 21:18
**purview** 20:21
**put** 8:12
**putting** 7:2

**q**

**quash** 13:7
  22:3,9,13,14
  22:18 23:8
  24:5
**question** 18:25
**quite** 10:6
**quote** 22:13

**r**

**r** 2:21 5:1 6:1
  25:1
**rather** 20:23
**reachable**
  19:13
**reached** 8:9
**ready** 8:3
  16:12,13,14,16
**really** 9:24
  21:13
**recently** 7:3
  13:7
**record** 8:13
  10:5,9,12 11:6
  12:3,7 13:13
  14:4 21:3 25:4
**recording**
  23:19

**red** 5:19
**reflected** 21:3
**regarding** 8:10
8:11
**regards** 8:20
**remaining**
11:10 15:18
**reminds** 7:15
**repeating** 19:3
**report** 8:8
**representing**
10:6
**request** 22:5
**required** 16:20
**resolve** 8:15,17
**resolves** 21:22
**respect** 9:2
**result** 22:2
**return** 19:25
20:5
**revealing**
16:14
**review** 19:14
**right** 7:9 10:17
10:20 13:10
14:18,24,25
15:2 18:4,5,17
18:24 19:5
20:10,14
**rightly** 14:6
**rise** 23:19
**road** 25:21
**role** 23:15
**rooms** 9:21
**rosen** 5:10 6:12
**royal** 15:1

**rule** 20:18 21:2
**rulings** 24:3
**run** 5:19

**s**

**s** 1:23 2:22
3:21 5:1,22 6:1
**sanctions** 7:7
**saves** 22:8
**saying** 9:5
13:23,23
**says** 13:17
18:24 20:14
**scheduled** 7:23
**scope** 12:18
**screen** 6:23
7:14
**seattle** 7:1
**section** 7:4
**see** 6:16,17,21
7:13 10:8 12:3
12:6,19 13:10
19:23
**seeing** 15:20
**seems** 16:21
**seen** 6:22
**sense** 14:4
17:15 20:12
**separate** 11:23
17:21
**separately** 12:7
**settle** 10:24,24
10:25 11:1
16:8,10
**settled** 9:7 14:9
20:17 21:2,11
21:12

**settlement** 8:10
10:2,18,23
11:10,15 12:18
12:24 16:11,22
17:8,19,22
18:2,9,21
**settling** 14:22
14:22,23,25
**shaking** 23:12
**shortly** 18:3
**signature** 25:6
**signed** 15:16
17:9 18:3
**similarly** 13:3
16:16
**simultaneously**
11:14
**sit** 13:5
**small** 15:22
**smoke** 9:10
**solely** 1:20
**solutions** 25:20
**solve** 9:11
**solving** 9:12
**sonya** 4:25
25:3,8
**soon** 19:6
**sorry** 14:1
**sounds** 16:18
18:8 19:8
**space** 7:20
**special** 7:19
9:24
**specifically**
11:20
**spoke** 7:4

**sr** 1:20 6:13
**state** 8:22
**statements**
16:15
**states** 1:1 2:1
3:7
**step** 17:3,7
23:11
**steps** 16:19
**stipulation**
21:17
**stipulations**
16:22
**stong** 2:22
**stong's** 6:3
**stop** 23:19
**straightforw...**
19:22
**street** 5:12
**subject** 20:20
**subpoenas**
22:20
**suggested** 9:14
**suite** 5:5,19
25:22
**sum** 15:15,17
**summarize**
12:6 14:21
19:6
**sums** 21:25
**suppose** 20:19
**sure** 7:19 14:4
14:4 17:6 21:7
21:9
**surprised**
13:14

| | | | |
|---|---|---|---|
| **systems** 9:21 | 21:4,5,13,16 | 20:19 21:6 | **used** 17:23 |
| **t** | 21:25 | **trustees** 8:10 | **v** |
| **t** 1:7 3:2,6 6:4 | **thought** 13:15 | **trying** 11:12,15 | **v** 1:14,22 12:19 |
| 25:1,1 | 13:22 | 16:8,9 | 14:2 21:5,11 |
| **table** 6:10 | **three** 12:14 | **tsiones** 13:17 | **various** 7:21 |
| **take** 12:23 | **time** 7:10,11 | **tsionis** 3:9 5:15 | 19:6 |
| 16:16 22:5,24 | 11:11,17 12:21 | 6:5,11,12,16 | **veritext** 25:20 |
| **taken** 3:6 | 12:21 15:10,10 | 8:4,5,5,17,25 | **video** 6:23 7:17 |
| **talk** 11:25 | 15:19 16:10,10 | 9:2,5 10:20,22 | 20:13 |
| **talked** 16:23 | 17:18 20:21,21 | 11:3,7,9 12:1,4 | **virtually** 8:20 |
| **talking** 16:21 | **today** 7:10,24 | 14:12,16,19,20 | **visualize** 12:4 |
| **technically** | 8:16 16:8,12 | 15:2,4,10,11 | **w** |
| 13:4 20:19 | 19:9,11,12 | 15:24 16:2,4,7 | **want** 19:22 |
| **terms** 8:13 | 21:20 23:2 | 17:1,1,7,13,19 | **waving** 6:22 |
| 10:18,23 21:18 | **today's** 7:15 | 17:24 18:1,14 | **way** 21:9 23:3 |
| **terrific** 9:4 | 12:10,14 21:3 | 18:19 19:5,10 | **we've** 7:10 8:9 |
| 16:18 | **together** 16:20 | 20:2,7 21:22 | 12:20 |
| **thank** 6:8,15 | 22:6 | 22:6 23:6 | **week** 16:15 |
| 6:22 7:1,6 9:7 | **tomorrow** | **turn** 20:25 | 17:20 18:2,3 |
| 10:22 14:20 | 17:21 | **two** 7:4 12:12 | 19:12 |
| 17:1,25 18:5 | **transcribed** | 13:11 14:3 | **weeks** 19:9,11 |
| 20:9 21:21,23 | 4:25 | 16:14,24 19:9 | 19:19 |
| 23:4,6,10,11 | **transcript** 25:4 | 19:11,19 | **welcome** 20:12 |
| 23:14,17 | **trial** 3:14 4:1 | **u** | **whichever** 7:5 |
| **thanking** 23:15 | 7:24,25 12:20 | **u.s.** 2:23 | **willing** 10:7 |
| **thanks** 23:18 | 21:4 | **uba** 7:3 | **winner** 9:17 |
| **thema** 1:7 3:2 | **trouble** 10:16 | **understanding** | **winners** 9:22 |
| 3:5 6:4,6,19 | **true** 25:4 | 13:12 | **wise** 16:17 |
| **thing** 9:24 | **trustee** 1:20 | **understood** | **wiser** 16:18 |
| 13:16 18:8,19 | 5:11 6:10,13 | 16:3 | **withdraw** |
| 21:11,12 22:12 | 8:6 11:14 | **united** 1:1 2:1 | 22:11,19 |
| **things** 19:25 | 15:13 17:2,4,8 | 3:7 | **withdrawing** |
| 20:24 | 17:14 20:2,18 | **unknown** 2:25 | 15:4 |
| **think** 9:19 | 20:22 21:2,14 | **unremarkable** | **withdrawn** |
| 10:11 11:21 | 21:16 | 19:21 | 22:7,14,23 |
| 14:2 16:25 | **trustee's** 13:2 | **upfront** 11:16 | 23:8 24:5 |
| 19:21 20:11 | 14:23 15:6 | 15:21 | |

**word**   22:23
**work**   11:12
   12:1 18:6 19:9
   20:1
**works**   20:2
**worst**   11:16,16
**wrinkle**   21:12
**write**   22:23

**x**

**x**   1:4,9,11,17
   1:19,25 24:1

**y**

**yeah**   20:8 22:6
   22:22
**york**   1:2 5:6
**young**   3:21,23

**z**

**zoom**   7:12