# Exhibit "A"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                                                                  Chapter 7

THEMA T. NORTON,                            Case No.: 17-42199-ess

                              Debtor.
----------------------------------------------------------x
DAVID J. DOYAGA, SR., Solely as Chapter 7        Adv. Pro. No.: 22-01080-ess
Trustee of the Estate of THEMA T. NORTON,

                              Plaintiff,

       -against-

JOSEPH S. NORTON,

                              Defendant.
----------------------------------------------------------x

## SETTLEMENT AGREEMENT AND RELEASE

         This Settlement Agreement and Release (the "Settlement Agreement") is made by and between David J. Doyaga, Sr., solely in his capacity as the duly appointed, qualified and serving Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Thema T. Norton (the "Debtor") on the one hand, and the Debtor and Joseph S. Norton ("Joseph" and the Debtor, collectively, the "Norton Parties" and the Norton Parties and the Trustee collectively, the "Parties" and each individually as a "Party") on the other hand. The Parties agree to the facts and terms of the Settlement Agreement as follows:

## RECITALS

         **WHEREAS**, on May 2, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York, at Brooklyn (the "Bankruptcy Court"); and

         **WHEREAS**, David J. Doyaga, Sr. was appointed interim Chapter 7 Trustee of the Debtor's estate and, by operation of law, became the permanent Chapter 7 Trustee of the Debtor's estate; and

         **WHEREAS**, on October 13, 2020, the Debtor commenced an adversary proceeding styled *Thema T. Norton v. Nathan Cann, Young Gordon, Jeremy Friedberg, ECP Property II LLC*, in the United States Bankruptcy Court, Eastern District of New York, Adv. Pro. No. 20-01113-ess, seeking a declaratory judgment, punitive damages and a permanent injunction [Dkt. No. 34] (the "Debtor Adversary Proceeding"); and

**WHEREAS**, the defendants in the Debtor Adversary Proceeding dispute the allegations in that complaint and filed a motion to dismiss the Debtor's amended complaint; and

**WHEREAS**, the Trustee discovered that the Debtor may have concealed her interests in certain business entities; and

**WHEREAS**, on January 26, 2021, the Trustee filed a motion for a Rule 2004 examination of the Debtor [Dkt. No. 51] seeking the entry of an order directing the Debtor to appear for an oral deposition and to produce documents; and

**WHEREAS**, on May 21, 2021, the Trustee filed a motion for contempt [Dkt. No. 71] (the "Contempt Motion") against the Debtor for the Debtor's failure to comply with the Court's Rule 2004 Order and to produce the documents demanded by the Trustee's subpoena; and

**WHEREAS**, the Debtor disputes the Trustee's allegations and filed an objection to the Contempt Motion; and

**WHEREAS**, on March 4, 2021, ECP Property II LLC ("ECP") filed a claim in the amount of $207,695.12, which is docketed as Claim No: 2 on the Court's Claims Register; and

**WHEREAS**, ECP amended its claim on July 21, 2021 (Claim 2-2) and on April 6, 2023 (Claim 2-3), and asserts that it has a claim in the amount of $456,592.16 (the "ECP Claim"); and

**WHEREAS**, on March 28, 2022, the Debtor filed a motion to strike or expunge [Dkt. No. 148] (the "Claim Objection") ECP's proof of claim and disputes the ECP Claim; and

**WHEREAS**, on October 13, 2022, the Trustee commenced an adversary proceeding styled *David J. Doyaga, Sr., Solely as Chapter 7 Trustee of the Estate of Thema T. Norton v. Joseph S. Norton*, in the United States Bankruptcy Court, Eastern District of New York, Adv. Pro. No. 22-01080-ess, seeking, among other things, to recover the Debtor's interest in certain business entities that were allegedly fraudulently conveyed to Joseph [Dkt. No. 171] (the "Trustee Adversary Proceeding"); and

**WHEREAS**, Joseph disputes the Trustee's allegations and interposed an answer with affirmative defenses; and

**WHEREAS**, the Parties negotiated at arms' length and reached an agreement resolving: (i) the Debtor Adversary Proceeding; (ii) the Contempt Motion; (iii) the Claim Objection; (iv) the Trustee Adversary Proceeding; and (v) the estate's claims in this bankruptcy case; and

**WHEREAS**, the Parties have had the opportunity to consult with counsel of their respective choice in connection with the matters raised in this Settlement Agreement; and

**WHEREAS**, each of the Parties to this Settlement Agreement agree to bear their own costs and expenses, including attorneys' fees, arising out of the matters raised in this Settlement Agreement.

**NOW, THEREFORE**, in consideration of the recitals aforesaid and the covenants herein contained, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

## AGREEMENT

1. **Recitals Incorporated**. The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full, and made a part of this Settlement Agreement.

2. **Settlement Consideration**. As consideration for resolving: (i) the Debtor Adversary Proceeding; (ii) the Contempt Motion; (iii) the Claim Objection; (iv) the Trustee Adversary Proceeding; and (v) the estate's claims in this bankruptcy case, and for the releases set forth in Paragraphs 6 and 7 below, the Parties agree as follows:

   i. The Norton Parties shall remit to the Trustee the total sum of One Hundred Thousand Dollars ($100,000.00) (the "Settlement Amount") payable as follows: (i) Twenty Thousand Dollars ($20,000.00) upon the execution of this Settlement Agreement; and (ii) Eighty Thousand Dollars ($80,000.00) to be received by the Trustee on or before August 1, 2023, time being of the essence. The Settlement Amount and any and all payments due under this Settlement Agreement shall be by certified bank check or money order made payable to "David J. Doyaga, Sr., as Trustee" and shall be delivered to: David J. Doyaga, Sr., 26 Court Street, Suite 1803, Brooklyn, New York 11242. The Settlement Amount shall be held by the Trustee in his segregated trustee account pending the entry of an order of the Bankruptcy Court approving this Settlement Agreement.

   ii. Contemporaneously with the execution of the Settlement Agreement, the Debtor and Joseph shall each execute an Affidavit of Confession of Judgment in the amount of Five Hundred Thousand Dollars ($500,000.00) in favor of the Trustee in the form annexed hereto as **Exhibit "A"** (the "Confessions of Judgment"). The original Confessions of Judgment shall be held by the Trustee or his counsel and shall not be filed until the Bankruptcy Court approves the Settlement Agreement and there is an uncured default. Upon satisfaction of the Settlement Amount, the Trustee shall return the Confessions of Judgment to the Norton Parties.

   iii. The Norton Parties' failure to timely remit any payments set forth in Sub-Paragraph ("i") herein shall be considered an event of default ("Default"). In the event of a Default, the Trustee shall provide written notice to the Norton Parties' counsel, Karamvir Dahiya, Esq., by email only, at Mr. Dahiya's email address at karam@dahiya.law. The Norton Parties shall have seven (7) calendar days from the date of email notice of the Default to cure the Default (the "Cure Period"). In the event that the Default is not cured during the Cure Period, the Norton Parties shall be in Default. In the event of an uncured Default, the Trustee shall retain any payments received and the Trustee shall be authorized to file the Confessions of

> Judgment with the Kings County Clerk or any other county or jurisdiction that the Trustee determines to be appropriate.

> iv. Upon the entry of an order approving the terms contained within this Settlement Agreement, the Debtor shall file a stipulation dismissing the Debtor Adversary Proceeding with prejudice. A copy of the proposed stipulation dismissing the Debtor Adversary Proceeding with prejudice is annexed hereto as **Exhibit "B"**.

> v. The Contempt Motion is resolved.

> vi. The Claim Objection is resolved.

> vii. Upon the entry of an order approving the terms contained within this Settlement Agreement, the Trustee and Joseph shall file a stipulation dismissing the Trustee Adversary Proceeding with prejudice. A copy of the proposed stipulation dismissing the Trustee Adversary Proceeding with prejudice is annexed hereto as **Exhibit "C"**.

3. **Court Approval.** The terms of the settlement contained within this Settlement Agreement are subject to Bankruptcy Court approval in the estate as may be required pursuant to the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the E.D.N.Y. Local Bankruptcy Rules (the "Local Rules") by an order of the Bankruptcy Court authorizing the Trustee to enter into and perform the terms of this Settlement Agreement being entered. The Trustee agrees to file such stipulations, dismissals and motions to compromise as required by the Bankruptcy Court and to obtain any such approvals.

4. **Denial by Court.** Should the Bankruptcy Court decline to approve the settlement contained within this Settlement Agreement, this Settlement Agreement shall be null and void, shall not be admissible in any court proceeding for any purpose, and the agreement or the fact that the Parties entered into the Settlement Agreement shall not constitute evidence of the truth of any of the Parties' allegations or the admissibility of any evidence that may be offered by the Parties in any court proceeding. In such case, the Trustee shall be free to resume or commence litigation against the Norton Parties, or any other party deemed appropriate by the Trustee in his sole discretion, and the Trustee shall have fourteen (14) calendar days from the entry of an order of the Bankruptcy Court denying this Settlement Agreement to return any funds received in connection with this Settlement Agreement or from the date of withdrawal of the motion to approve this Settlement Agreement.

5. **Effective Date.** Upon execution of this Settlement Agreement <u>and</u> upon the entry of an order approving the settlement contained within this Settlement Agreement, the Settlement Agreement shall become effective.

6. **Release by the Norton Parties to Trustee and Estate.** Upon the entry of an order approving this Settlement Agreement, in consideration of the covenants contained in this

Settlement Agreement, and in consideration of the sum of ten ($10.00) dollars and other good and valuable consideration, the receipt and sufficiency of which hereby is acknowledged, the Norton Parties shall conclusively be deemed to have released the Trustee, the Trustee's counsel, and the estate (collectively, in this paragraph, the "Estate Releasees"), the Estate Releasees' representatives, agents, administrators, successors, and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the Estate Releasees, the Norton Parties, and the Norton Parties' representatives, agents, administrators, successors, and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Settlement Agreement, exclusive of the obligations of the Trustee pursuant to this Settlement Agreement.

7. **Release by Trustee and Estate to Norton Parties.** Upon the clearance of all payments due under this Settlement Agreement, in consideration of the covenants contained in this Settlement Agreement, and in consideration of the Settlement Amount and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Trustee and the estate, his respective representatives, agents, administrators, successors and assigns (collectively, in this paragraph, the "Estate Releasors") each shall conclusively be deemed to have released the Norton Parties, and their respective representatives, agents, administrators, successors, and assigns from all actions, causes of action, suits, which against the Norton Parties, the Estate Releasors, Estate Releasors' representatives, agents, administrators, successors, and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Settlement Agreement. Notwithstanding anything contained to the contrary herein, if the Trustee is compelled by an order of a court of competent jurisdiction or required for any other reason to return, disgorge or repay any portion of the Settlement Amount, or if the payment of any portion of the Settlement Amount is avoided or dishonored by the Norton Parties or any other person or entity acting on behalf of the Norton Parties, then the releases given by the Trustee in this Settlement Agreement shall be deemed ineffective, the Trustee's claims against the Norton Parties shall be reinstated without any further order of the Bankruptcy Court, and the Contempt Motion and the Trustee Adversary Proceeding shall be reinstated as if there was no settlement.

8. **Proof of Claim.** The Norton Parties shall not file any proofs of claim in the estate. Any and all proofs of claim filed by or on behalf of the Norton Parties (of which there are none) shall be deemed null and void and expunged for purposes of distribution by the Trustee upon his filing of an interim or final distribution to creditors in the estate.

9. **Fees and Costs**. Each of the Parties to this Settlement Agreement agree to bear their own costs and expenses, including attorneys' fees arising out of the matters raised in this Settlement Agreement.

10. **Modifications to the Settlement Agreement.** This Settlement Agreement shall not be modified, altered, amended or vacated without the prior written consent of the Parties. Any such modification, alteration, amendment or variation in whole or in part shall be subject to approval of the Bankruptcy Court. Any motion or application brought before the Bankruptcy Court to resolve any dispute arising or related to this Settlement Agreement shall be brought on proper notice in accordance with the relevant Bankruptcy Rules and the Local Rules of the Bankruptcy Court.

11. **Counterparts.** This Settlement Agreement may be executed in any number of counterparts by the Parties on different counterpart signature pages, all of which taken together shall constitute one and the same agreement. Any of the Parties may execute this Settlement Agreement by signing any such counterpart and each of such counterparts shall for all purposes be deemed an original. This Settlement Agreement may be executed by electronic signature or by facsimile and/or e-mail which shall have the same force and effect as an original signature.

12. **Language Construed as Jointly Drafted by the Parties.** The Parties agree that each of them has had a full opportunity to participate in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity shall be construed neither for nor against either of the Parties.

13. **Entire Agreement.** Prior agreements, understandings, or discussions, both written and oral, among the Parties in respect to the resolution recited herein, are merged into this Settlement Agreement. This Settlement Agreement is the entire agreement among the Parties and supersedes all other of the subject matter hereof.

14. **Successors and Assigns.** This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto, and their respective executors, heirs, successors and assigns.

15. **Further Assurances.** From time to time, upon request, the Parties will, without further consideration, promptly execute, deliver, acknowledge and file all such further documents agreements, certificates and instruments and to do such further acts as the persons or entities entitled to the benefit of this Settlement Agreement may reasonably require to evidence or effectuate the transactions contemplated by this Settlement Agreement.

16. **Illegality.** If any provision of this Settlement Agreement is held to be illegal, void or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision in this Settlement Agreement. Notwithstanding the foregoing, upon any finding by any court of competent jurisdiction that any release provided for in this Settlement Agreement is illegal, void or unenforceable, each of the Parties agree, promptly upon the request of the other Party hereto, to execute a release that is legal and enforceable.

17. **Governing Law/Jurisdiction.** EXCEPT TO THE EXTENT (IF ANY) GOVERNED BY THE BANKRUPTCY CODE, THE SETTLEMENT AGREEMENT AND THE RIGHTS AND DUTIES OF THE PARTIES HEREUNDER SHALL BE GOVERNED BY AND CONSTRUED, ENFORCED AND PERFORMED IN ACCORDANCE WITH THE LAW OF THE STATE OF NEW YORK WITHOUT GIVING EFFECT TO PRINCIPLES OF CONFLICTS OF LAWS THAT WOULD REQUIRE THE APPLICATION OF LAWS OF ANOTHER JURISDICTION. THE PARTIES ACKNOWLEDGE AND AGREE THAT THE BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NEW YORK SHALL HAVE THE EXCLUSIVE JURISDICTION OVER THIS SETTLEMENT AGREEMENT AND THAT ANY CLAIMS ARISING OUT OF OR RELATED IN ANY MANNER TO THIS SETTLEMENT AGREEMENT SHALL BE PROPERLY BROUGHT ONLY BEFORE THE BANKRUPTCY COURT AND CONSENTS TO SUCH BANKRUPTCY COURT'S POWER TO HEAR AND DETERMINE ALL SUCH CLAIMS AS A CORE PROCEEDING.

18. **No Admission of Liability.** This Settlement Agreement is in compromise of disputed claims between the Parties, and shall not be construed as an admission of liability by the Parties or by any of their respective present or former directors, officers, employees or agents, which such liability is expressly denied. All communications (whether oral or in writing) between and/or among the Parties, their respective counsel and/or other respective representatives relating to, concerning or in connection with this Settlement Agreement, or the matters covered hereby and thereby, shall be governed and protected in accordance with the Federal Rule of Evidence 408 and all other similar rules and laws to the fullest extent permitted by law, and no Party hereto shall seek to admit this Settlement Agreement into evidence against any other party hereto, except in an action to enforce or interpret the terms of this Settlement Agreement.

19  **Acknowledgment of the Parties.** Each of the Parties acknowledges that: (i) they have relied on their own independent investigation, and have not relied on any information or representations furnished by any other Party or any representative or agent thereof in determining whether or not to enter into this Settlement Agreement (other than the representations set forth in this Settlement Agreement); (ii) they have conducted their own due diligence in connection therewith, as well as undertaken the opportunity to review information, ask questions and receive satisfactory answers concerning the terms and conditions of this Settlement Agreement; and (iii) they possess the knowledge, experience and sophistication to allow them to fully evaluate and accept the merits and risks of entering into the transactions contemplated by this Settlement Agreement.

[*Remainder of Page Intentionally Left Blank*]

20. **Authorization.**  The person executing this Settlement Agreement on behalf of each respective Party warrants and represents that she or he is authorized and empowered to execute and deliver this Settlement Agreement on behalf of such Party.

**IN WITNESS WHEREOF**, the Parties hereto have executed and delivered this Settlement Agreement as of the date and year below written.

Dated: May 10, 2023
      Huntington, New York

      **Law Offices of Avrum J. Rosen, PLLC**

By: */s/ Avrum J. Rosen*
Avrum J. Rosen
Alex E. Tsionis
38 New Street
Huntington, NY 11743
Telephone: (631) 423-8527
Email: arosen@ajrlawny.com
      atsionis@ajrlawny.com

*Counsel to David J. Doyaga, Sr.,*
*Solely as Chapter 7 Trustee of the*
*Estate of Thema T. Norton*

**Dahiya Law Offices LLC**

By: */s/ Karamvir Dahiya*
Karamvir Dahiya
75 Maiden Lane, Suite 606
New York, NY 10038
Telephone: (212) 766-8000
Email: karam@dahiya.law

*Counsel to Thema T. Norton*
*and Joseph S. Norton*

By: */s/ Thema T. Norton*
Thema T. Norton


By: */s/ Joseph S. Norton*
Joseph S. Norton

# Exhibit "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------x
DAVID J. DOYAGA, SR., Solely as Chapter 7      Index No.:
Trustee of the Estate of THEMA T. NORTON,

                              Plaintiff,      **AFFIDAVIT FOR JUDGMENT**
                                        **BY CONFESSION (CPLR § 3218)**

   -against-

THEMA T. NORTON,

                              Defendant.
-----------------------------------------------------------x

STATE OF NEW YORK    :
                               : SS.:
COUNTY OF KINGS     :

        THEMA T. NORTON, being duly sworn, deposes and says:

        1.    I am the defendant in the above entitled action.

        2.    I currently reside at 31 Kermit Place, Apartment 3, Brooklyn, New York 11218, County of Kings, State of New York and authorize entry of judgment in Kings County, New York, or any other county or jurisdiction that the plaintiff determines to be appropriate.

        3.    I, the defendant in the above entitled action, confess judgment in this Court in favor of the plaintiff, David J. Doyaga, Sr., Solely as Chapter 7 Trustee of the Estate of Thema T. Norton, for the sum of Five Hundred Thousand Dollars ($500,000.00) plus interest at nine percent (9%) per annum, less credit for payments made under the Settlement Agreement, and hereby authroize the the plaintiff or his heirs, executors, administrators, or assigns to enter judgment for that sum against me.

        4.    The obligation of the defendant under this Affidavit for Judgment by Confession arises from a Settlement Agreement approved by the Bankruptcy Court, which settles, among other things, the bankruptcy estate's claims against the defendant and not related to a consumer credit transaction.

*[Remainder of Page Intentionally Left Blank]*

5.   This confession of judgment is for a debt justly due to the plaintiff arising out of the following facts: defendant's default under a Settlement Agreement dated May 10, 2023.

*Thema T. Norton*

Sworn to before me this
10th day of July, 2023

*Notary Public*

ADAM K. SIEGEL
Notary Public, State of New York
Registration # 01SI5050501
Qualified in Nassau County
Commission Expires ~~October 10, 2021~~
11/16/2025

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------x
DAVID J. DOYAGA, SR., Solely as Chapter 7
Trustee of the Estate of THEMA T. NORTON,

Index No.:

                Plaintiff,

**AFFIDAVIT FOR JUDGMENT BY CONFESSION (CPLR § 3218)**

-against-

JOSEPH S. NORTON,

                Defendant.
---------------------------------------------------------------x

STATE OF NEW YORK   :
                                : SS.:
COUNTY OF KINGS     :

       JOSEPH S. NORTON, being duly sworn, deposes and says:

       1.     I am the defendant in the above entitled action.

       2.     I currently reside at 771 Thomas S Boyland Street, Apartment 1F, Brooklyn, New York 11212, County of Kings, State of New York and authorize entry of judgment in Kings County, New York, or any other county or jurisdiction that the plaintiff determines to be appropriate.

       3.     I, the defendant in the above entitled action, confess judgment in this Court in favor of the plaintiff, David J. Doyaga, Sr., Solely as Chapter 7 Trustee of the Estate of Thema T. Norton, for the sum of Five Hundred Thousand Dollars ($500,000.00) plus interest at nine percent (9%) per annum, less credit for payments made under the Settlement Agreement, and hereby authroize the the plaintiff or his heirs, executors, administrators, or assigns to enter judgment for that sum against me.

       4.     The obligation of the defendant under this Affidavit for Judgment by Confession arises from a Settlement Agreement approved by the Bankruptcy Court, which settles, among other things, a fraudulent conveyance claim against the defendant and not related to a consumer credit transaction.

*[Remainder of Page Intentionally Left Blank]*

1

5. This confession of judgment is for a debt justly due to the plaintiff arising out of the following facts: defendant's default under a Settlement Agreement dated May 10, 2023.

Joseph S. Norton

Sworn to before me this 10th day of July, 2023

Notary Public

ADAM K. SIEGEL
Notary Public, State of New York
Registration # 01SI5050501
Qualified in Nassau County
Commission Expires October 10, 2021
11/16/2025

2

# Exhibit "B"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                              Chapter 7

THEMA T. NORTON,                                    Case No.: 17-42199-ess

                              Debtor.
------------------------------------------------------------x
THEMA T. NORTON,                                    Adv. Pro. No.: 20-01113-ess

                              Plaintiff,

    -against-

NATHAN CANN,
ECP PROPERTY II LLC,

                              Defendants.
------------------------------------------------------------x

**STIPULATION OF DISMISSAL WITH PREJUDICE**

     **WHEREAS**, the above-captioned plaintiff commenced the instant action by the service of a summons and complaint (the "Complaint"); and

     **WHEREAS**, the parties hereby stipulate to the dismissal of the instant action, with prejudice, pursuant to Rule 7041 of the Federal Rules of Bankruptcy Procedure.

**IT IS HEREBY STIPULATED AND SO ORDERED THAT:**

     1.    The above-captioned adversary proceeding is hereby dismissed with prejudice.

     2.    Each of the parties hereto shall be responsible for their own costs and legal fees.

     3.    Upon the Court's entry of this Stipulation of Dismissal with Prejudice, the Clerk of the Court is directed to close the above-captioned adversary proceeding.

[*Remainder of Page Intentionally Left Blank*]

4. A signature by facsimile or by electronic means shall be sufficient to bind the parties hereto.

**Dahiya Law Offices LLC**                    **Friedberg, PC**

Dated:  July 10, 2023                          Dated: July 7, 2023
        New York, New York                            Baltimore, Maryland

By:     */s/ Karamvir Dahiya*                  By:     */s/ Jeremy S Friedberg*
        Karamvir Dahiya                                Jeremy S Friedberg
        75 Maiden Lane, Suite 606                      10451 Mill Run Circle
        New York, New York 10038                       Suite 1000
        (212) 766-8000                                 Baltimore, Maryland 21117
        karam@dahiya.law                               (410) 581-7400
                                                       jeremy@friedberg.legal

        *Counsel for Thema T. Norton*                  *Counsel for Nathan Cann
                                                       and ECP Property II LLC*

**IT IS SO ORDERED**

# Exhibit "C"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                     Chapter 7

THEMA T. NORTON,                              Case No.: 17-42199-ess

                                    Debtor.
------------------------------------------------------------x
DAVID J. DOYAGA, SR., Solely as Chapter 7      Adv. Pro. No.: 22-01080-ess
Trustee of the Estate of THEMA T. NORTON,

                                  Plaintiff,

      -against-

JOSEPH S. NORTON,

                                  Defendant.
------------------------------------------------------------x

## **STIPULATION OF DISMISSAL WITH PREJUDICE**

      **WHEREAS**, the above-captioned plaintiff commenced the instant action by the service of a summons and complaint (the "Complaint"); and

      **WHEREAS**, the parties hereby stipulate to the dismissal of the instant action, with prejudice, pursuant to Rule 7041 of the Federal Rules of Bankruptcy Procedure.

**IT IS HEREBY STIPULATED AND SO ORDERED THAT:**

      1.     The above-captioned adversary proceeding is hereby dismissed with prejudice.

      2.     Each of the parties hereto shall be responsible for their own costs and legal fees.

      3.     Upon the Court's entry of this Stipulation of Dismissal with Prejudice, the Clerk of the Court is directed to close the above-captioned adversary proceeding.

[*Remainder of Page Intentionally Left Blank*]

4.  A signature by facsimile or by electronic means shall be sufficient to bind the parties hereto.

**Law Offices of Avrum J. Rosen, PLLC**         **Dahiya Law Offices LLC**

Dated: July 11, 2023        Dated: July 10, 2023
       Huntington, New York        New York, New York

By: */s/ Alex E. Tsionis*        By: */s/ Karamvir Dahiya*
     Alex E. Tsionis        Karamvir Dahiya
     Avrum J. Rosen        75 Maiden Lane, Suite 606
     38 New Street        New York, New York 10038
     Huntington, New York        (212) 766-8000
     (631) 423-8527        karam@dahiya.law
     atsionis@ajrlawny.com
     arosen@ajrlawny.com

*Counsel for David J. Doyaga, Sr.,*        *Counsel for Joseph S. Norton,*
*Solely as Chapter 7 Trustee of the*
*Estate of Thema T. Norton*

**IT IS SO ORDERED**